STATE v. SAM BURNO.

(Filed 3 April, 1912.)

**1. Cocaine—Unlawful Sale—Evidence.**

Upon trial for unlawfully selling cocaine, it is competent, after the one to whom the drug is alleged to have been sold has testified, to impeach her evidence on behalf of the prisoner by showing, by another witness, she had made conflicting statements as to where and from whom she had purchased it.

**2. Same—Expert—Satisfactory Opinion.**

Upon trial for the unlawful sale of cocaine, the testimony of a witness who has qualified as an expert physician and druggist, that in his opinion a certain drug exhibited to him, and which was identified as that sold, was cocaine, is competent, though he said on cross-examination that he could not tell the difference between cocaine and epsom salts except by actual test, which was not made by him in this instance, but in his opinion the drug exhibited to him was cocaine.

**3. Cocaine—Unlawful Sale—Taken from Vendee—Absence of Defendant—Evidence.**

Upon a trial for the unlawful sale of cocaine, evidence is competent to show that cocaine was taken off the person to whom it is alleged to have been sold, in the absence of the defendant, when sufficiently identified as the article alleged to have been sold on the occasion specified.

APPEAL from *Whedbee, J.,* at January Term, 1912, of RICHMOND.

The defendant was convicted upon the charge of unlawfully selling cocaine to Cora McKeithan, and appealed from the judgment pronounced upon the verdict.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

STATE v. BURNO.

Attorney-General Bickett and Assistant Attorney-General Calvert for the State.

John P. Cameron and Lorenzo Medlin for defendant.

ALLEN, J. No objection is taken to the bill of indictment, and there is no contention that the evidence was not sufficient to justify the verdict.

All of the evidence introduced at the trial is not sent up as a part of the case on appeal, but it appears that C. B. Wright was the principal witness for the State, and he testified, among other things, as follows: "I saw Burno give the McKeithan woman a package, and saw her give him some money and he gave her back change; I was looking through the window; that after the woman had come from out of the house, I arrested her and found on her person a package of cocaine—the same kind of package I saw Burno deliver to her. I saw him put in small papers, preparing it on a table. She had in the package when arrested the same kind of package which I now hold in my hand, and I took off the table the cloth (exhibiting same) and it has on it the same kind of material which is in these packages. The woman put the change and little papers containing what she got from Burno in a handkerchief, and as soon as she came out I took from her the handkerchief and it contained the money and little paper packages."

This witness was then asked, "Where did she (Cora McKeithan) say she got the package?" and he answered, "She said that she got it upstairs, and then said afterwards she got it from Burno," and the defendant excepted:

This evidence was offered after Cora McKeithan had testified, and while it does not clearly appear from the record, the only reasonable inference is that she was a witness in behalf of the defendant, and the evidence was admitted for the purpose of contradiction, for which it was competent. S. v. Williams, 91 N. C., 599; S. v. Exum, 138 N. C., 600.

The State introduced Dr. N. C. Hunter, who was admitted to be an expert, and the solicitor exhibited to the witness the package which the witness Wright said that he got from the person of Cora McKeithan, and asked the witness what the package

contained, and he answered: "I have no way of making chemical test as to what the package contains, and can only give an opinion, and my opinion is that it is cocaine, after tasting it." He described the effects of cocaine, and pronounced it cocaine, and said: "In my opinion, it is cocaine."

The defendant excepted.

On cross-examination by defendant he said, without objection: "I cannot tell the difference between cocaine and epsom salts, except by making actual test, but in my opinion, it is cocaine." He had previously described fully the effects of cocaine, and the effect of what he tasted out of one of the little paper packages. He also stated that he was a pharmacist as well as a doctor.

The defendant excepted to this evidence on two grounds:

1. That the court erred in allowing the witness to testify as to an opinion, when his opinion was not fully satisfactory to his mind.

2. That the court erred in allowing the solicitor for the State to exhibit in the presence of the jury the package taken off the McKeithan woman by the witness C. B. Wright, and said to contain cocaine, the package having been taken from the woman in the absence of the defendant, and not having been identified as the package received by the McKeithan woman from the defendant.

We have no means of ascertaining whether the opinion of the doctor was satisfactory to him or not. We only know that he expressed his opinion under oath and did not say it was unsatisfactory, and in answer to the second objection, it is sufficient to say that it was not necessary for the defendant to be present when the package was seized, to make it competent evidence, and the witness Wright said, in answer to a question by the defendant, that he was satisfied that the package he found on Cora McKeithan was the same package he saw the defendant give her.

These are all the exceptions appearing in the record, and upon an examination of them, we find

No error.