STATE v. CLYDE SILER
No. 6815SC348

(Filed 23 October 1968)

1. **Intoxicating Liquor § 12; Criminal Law § 167— evidence in jury view but not introduced**

   In a prosecution for the illegal possession of nontaxpaid and taxpaid whiskey, it was not prejudicial error for the solicitor to take a number of empty whiskey bottles out of a bag and not introduce them into evidence.

2. **Criminal Law § 132— motion to set aside verdict**

   A motion to set aside the verdict is addressed to the discretion of the trial court, and the court's failure to grant such a motion will not be disturbed where no abuse of discretion is asserted or shown.

3. **Criminal Law §§ 134, 142, 150— ambiguous judgment — judgment changed when notice of appeal given**

   Where the record shows that the court imposed a term of imprisonment and then suspended the sentence and placed defendant on probation, that defendant gave notice of appeal, and that the court ordered "the suspended sentence and probation period be stricken of record in this case," the Court of Appeals *ex mero motu* orders that the judgment be stricken and remands the cause to the Superior Court for resentencing, since it is not clear whether the sentence imposed was ordered stricken, or whether only the part of the judgment suspending the sentence and placing defendant on probation was stricken, and since the record does not reveal whether the judgment was changed because the defendant appealed.

APPEAL by defendant from *Bailey, J.,* 6 May 1968 Session of Superior Court of CHATHAM County.

Defendant was charged in a warrant which reads as follows:

"W. C. Willette being duly sworn, complains and says, that at and in said County, and Matthews Township on or about the 1st day of March, 1968, Clyde Siler did unlawfully, wilfully,

have in his possession a quantity of non-taxpaid whiskey, tax-paid whiskey and beer and did have same for the purpose of sale against the form of the statute in such cases made and provided, and contrary to law and against the peace and dignity of the State."

Upon a plea of not guilty, the jury returned a verdict of guilty of the possession of non-tax-paid whiskey.

The defendant appealed to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorney General James F. Bullock for the State.*

*Seawell, Van Camp & Morgan by William J. Morgan for defendant.*

MALLARD, C.J.

[1]    The State offered evidence which, in substance, tends to show that the Sheriff of Chatham County, together with other officers, pursuant to a search warrant, searched the premises of the defendant. Upon entering the defendant's house, they found a small quantity of non-tax-paid whiskey, approximately two pints of tax-paid whiskey, "thirty-one cans of beer, several empty whiskey bottles in the kitchen and a number of glasses." The defendant was also being tried for illegal possession of tax-paid whiskey. The record shows that the solicitor "pulled a lot of empty whiskey bottles out of a paper bag," but did not introduce them into evidence. This occurred after the State had introduced a fruit jar in evidence containing a quantity of liquid identified as "a small amount of non-taxpaid whiskey."

The defendant's contention that it was prejudicial error under the State's evidence in this case for the solicitor to take these whiskey bottles out of the bag and not introduce them into evidence is without merit.

[2]    There was ample evidence to take the case to the jury and to support the verdict. The defendant testified, "I do not know anything at all about who brought this liquor or who put it in my house." The court did not commit error in failing to set aside the verdict. Such a motion is addressed to the discretion of the trial court, and no abuse of discretion is asserted or shown. 3 Strong, N. C. Index 2d, Criminal Law, § 132 (1967).

There were no exceptions taken, nor errors alleged, relating to

the charge of the court. The defendant had a fair trial, free from prejudicial error.

[3]    The following appears in the record:

"Judgment of the court is let defendant be confined in the common jail of Chatham County for a term of twenty-four (24) months to be assigned to work under the supervision of the North Carolina Department of Correction. Sentence suspended, defendant placed on probation for a period of five (5) years on condition he not use or have in his possession any alcoholic beverages of any description whatsoever during period of probation; pay the costs of this action, and pay this under supervision of probation officer, and further that he not permit any alcoholic beverages of any description on his premises and further that he permit State ABC Officer and the Chatham County Sheriff's Department when in uniform to search premises without a search warrant at any time to determine whether or not he has violated orders. Defendant gives notice of appeal in open court. *The court orders the suspended sentence and probation period be stricken of record in this case.*" (emphasis added)

In the preceding sentence it is not clear whether the prison sentence which the trial judge imposed and then suspended was ordered stricken, or whether only that part of the judgment suspending the sentence and placing the defendant on probation was stricken. Also, the record does not reveal whether the judgment was changed because the defendant appealed. See *State v. Rhinehart,* 267 N.C. 470, 479, 148 S.E. 2d 651; *State v. Patton,* 221 N.C. 117, 19 S.E. 2d 142.

Therefore, *ex mero motu,* it is ordered that the judgment entered herein be stricken and this cause is hereby remanded to the Superior Court of Chatham County in order that the defendant may be re-sentenced and a proper judgment may be entered upon the jury verdict against him of guilty of the possession of non-tax-paid whiskey.

Remanded.

CAMPBELL and MORRIS, JJ., concur.