STATE OF NORTH CAROLINA v. RALPH JACKSON
No. 6926SC135

(Filed 30 April 1969)

**1. Larceny § 5— presumption arising from recent possession of stolen property — evidential fact**

The presumption arising from the recent possession of stolen property is to be considered by the jury merely as an evidential fact, along with

the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt.

**2. Larceny § 8— instruction on recent possession doctrine**

In prosecutions for larceny and breaking and entering, an instruction which did not sufficiently explain to the jury that the presumption arising from possession of recently stolen property was merely to be considered as an evidential fact, along with the other evidence in the case, in determining whether the State had satisfied the jury beyond a reasonable doubt of defendant's guilt, *held* error.

**3. Criminal Law § 112— instruction on burden of proof**

An instruction that is open to interpretation that the burden is upon the defendant to rebut the presumption of his guilt is erroneous.

**4. Larceny § 8; Burglary and Unlawful Breakings § 6— instruction on identity of article stolen**

In prosecutions for larceny of television sets and breaking and entering, instruction which failed to require the jury to find from the evidence and beyond a reasonable doubt that the television sets found in defendant's possession were the same television sets taken from the store that was broken and entered, *held* error.

**5. Burglary and Unlawful Breakings § 7— instruction as to possible verdicts — felonious intent**

In a prosecution upon indictment charging that defendant did break and enter a named store with the intent to steal, an instruction that defendant would be guilty of a misdemeanor if the breaking and entering was done without the intent to commit felonious larceny "or other infamous crime," *held* error, since the State is restricted to the proof of the intent identified in the indictment.

**6. Burglary and Unlawful Breakings § 2— felonious breaking and entering — the intent**

Felonious intent is an essential element of breaking and entering with intent to commit a felony, G.S. 14-54, and it must be alleged and proved; the felonious intent proven must be the felonious intent alleged.

APPEAL by defendant from *Falls, J.,* 21 October 1968 Criminal Session, Superior Court of MECKLENBURG.

The defendant was indicted for breaking and entering with the intent to steal, for the larceny of three television sets of the value of more than $200, and of knowingly receiving stolen goods. To each of the charges the defendant entered a plea of not guilty.

The State's evidence tended to show that on the morning of 14 September 1968 at approximately 5 o'clock, Officer G. W. Shore of the Charlotte Police Department was driving near the Johnston Furniture Store which is located at 117 North Tryon Street in Char-

lotte when he heard an alarm. He started moving toward the sound, and as he did, he saw the defendant coming out of the alleyway which leads to the rear entrance of the Johnston Furniture Company. When Shore first saw the defendant he was carrying two television sets and was approximately 125 feet from the furniture store. After a short chase the defendant and one Walter Grier were apprehended by the police. An examination of the rear entrance to the furniture store revealed that the glass had been completely broken out of one door.

Willard H. Smith, manager of Johnston Furniture Store, testified that he arrived at the furniture store at approximately 5 a.m. on the morning in question. Before he left the store the night before, all the doors were checked and were found to be locked. When Smith entered the store the next morning, he discovered that three television sets were missing. State's exhibits Nos. 2, 3 and 4 were identified as being the television sets that were taken from the store. Officer Shore testified that exhibits Nos. 2 and 3 were the same television sets he saw the defendant carrying on the morning in question.

The jury returned verdicts of guilty of breaking and entering with the intent to commit a felony, and guilty of larceny. From consecutive sentences of imprisonment of 10 and 9 to 10 years, respectively, defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Jean A. Benoy for the State.*

*Peter H. Gerns for defendant appellant.*

MORRIS, J.

[1-4]   The court's charge contained the following:

> "If and when it is established that the store has been broken into and entered, and that merchandise has been stolen therefrom, the recent possession of such stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny and of the breaking and entering."

This was the extent of the charge by the trial court on the doctrine of "recent possession" and this portion of the charge, we think, constituted error. In *State v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725, Stacy, C.J., in a thorough discussion of the doctrine of recent possession, makes it clear that the doctrine does not place upon the defendant the burden to "raise in the minds of the jury a reasonable doubt that he stole the property, or the burden of establishing a

reasonable doubt as to his guilt." The doctrine "is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt." *State v. Baker,* 213 N.C. 524, 196 S.E. 829. We think the instruction quoted above, this being the entire instruction given on the doctrine of "recent possession", did not sufficiently explain to the jury that possession of recently stolen property was only to be considered along with the other evidence in the case in determining whether the State had satisfied the jury beyond a reasonable doubt of the defendant's guilt. An instruction that is open to interpretation that the burden is upon the defendant to rebut the presumption of his guilt is erroneous. *State v. Holbrook, supra; State v. Hayes,* 273 N.C. 712, 161 S.E. 2d 185. Further, the trial court, in its charge, failed to require the jury to find from the evidence and beyond a reasonable doubt that the television sets found in defendant's possession were the same television sets that were taken from the Johnston Furniture Company. "The Judge committed error in failing to charge the presumption or inference does not apply until the identity of the property is established." *State v. Jackson,* 274 N.C. 594, 164 S.E. 2d 369.

[5, 6] In charging the jury on felonious intent, the court stated that if the breaking and entering "was done without the intent to commit the felony of larceny *or other infamous crime,* then you would so indicate by your verdict; that is, he would be guilty of a misdemeanor." (Emphasis added.) The indictment under which the defendant was tried stated that he did break or enter the Johnston Furniture Company with the intent to steal, etc. "Felonious intent is an essential element of the crime defined in C.S., 4235 (G.S. 14-54). It must be alleged and proved, and the felonious intent proven, must be the felonious intent alleged, which, in this case, is the 'intent to steal.'" *State v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751. "The indictment having identified the intent necessary, the State was held to the proof of that intent." *State v. Thorpe,* 274 N.C. 457, 164 S.E. 2d 171. On the basis of these authorities, the underscored portion of the charge quoted above would appear to be erroneous.

For errors committed in the charge to the jury there must be a new trial. Other errors assigned, such as an apparent discrepancy between the indictment description of the stolen property and the evidence, are not discussed since they are not likely to re-occur.

New trial.

CAMPBELL and BROCK, JJ., concur.