STATE v. JESSE EARL ASHFORD

No. 7018SC149

(Filed 25 February 1970)

**1. Criminal Law § 43— photographs taken after event to which it relates**

A photograph is not incompetent evidence and will not be excluded merely because it was not made at the time of the event to which it relates.

**2. Criminal Law § 43— photographs of robbery victim's swollen arm**

In this armed robbery prosecution, the trial court did not err in admitting for illustrative purposes a photograph of the victim's arm taken a few days after the robbery, where the victim testified that his arm and fingers had swollen and turned blue as a result of being twisted by defendant and that the photograph was a clear and accurate representation of his arm at the time it was taken.

**3. Criminal Law § 43— photographs — restriction of admission**

The trial court is not required to restrict the admission of a photograph absent a request that its admission be restricted.

**4. Criminal Law § 42— knife used in robbery — admissibility — identification**

In this armed robbery prosecution, a knife allegedly used in the robbery was sufficiently identified for admission in evidence where the robbery victim testified that the knife was like the one he was threatened with by defendant on the day of the robbery.

**5. Criminal Law § 42— trousers worn by robbery victim — admissibility**

In this armed robbery prosecution, the trial court properly admitted in evidence the trousers worn by the victim at the time of the robbery, where the victim identified the trousers and testified that the right pocket, which was torn, was the pocket in which he was carrying his money and that defendant tore the pocket in taking his money from him.

**6. Robbery § 4— armed robbery — identification of defendant — sufficiency of evidence**

In this armed robbery prosecution, testimony by the victim was sufficient to show a positive identification of defendant as a perpetrator of the robbery, and defendant's motion for nonsuit was properly overruled.

**7. Criminal Law § 132— motion to set aside verdict as contrary to evidence — appellate review**

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the sound discretion of the trial judge and his ruling on the motion will not be reviewed on appeal absent a manifest abuse of discretion.

APPEAL from *Collier, J.,* 27 October 1969 Regular Criminal Session of GUILFORD Superior Court.

The defendant was tried on a valid bill of indictment for armed robbery and was found guilty by a jury. From a judgment of imprisonment of not less than twenty-five nor more than thirty years, the defendant appealed to the North Carolina Court of Appeals.

The evidence at the trial tended to show the following facts: On Saturday, 26 October 1968, Henry Martin Kellam was selling produce in the City of Greensboro, North Carolina. As he approached the intersection of Burbank Street and Bragg Street, two men ran from Bragg Street and waved for him to stop the truck. After Kellam stopped the truck, one of the men came to the driver's side and the other went to the passenger's side. At the driver's side of the truck, the defendant pointed an open knife at Kellam, and the other man got in the truck on the passenger's side and took some money from Kellam. The defendant gave the open knife to the other man in the truck, and then got in the truck and then drove the truck until they reached Logan Street. At this point, Kellam grabbed the keys from the ignition causing the truck to stop. The defendant jumped from the truck, grabbed Kellam's arm and twisted it and broke two ribs. He took a billfold from Kellam which contained $2,200.00 and both men ran down Logan Street. Kellam drove to the house of a customer who called the police.

Sergeant R. C. Booth of the Greensboro Police Department testified that he investigated this case and that as a result of his investigation he was looking for a particular person. Sergeant Booth testified that Mr. Kellam looked at several hundred photographs and picked out two photographs, one as a "look-alike" of the robbers and a picture of the defendant. The defendant was extradited from Waynesville, Missouri, to stand trial for armed robbery.

The defendant did not present any evidence. At the end of the State's evidence and again at the close of all of the evidence, the defendant moved for judgment as of nonsuit. Each motion was denied. When the verdict was returned, the defendant moved to set aside the verdict as contrary to the law and evidence. This motion was also denied.

*Robert Morgan, Attorney General, and Carlos W. Murray, Jr., for the State.*

*Lee, High, Taylor & Dansby, by Major S. High, for the defendant appellant.*

HEDRICK, J.

**[1-3]**  The appellant contends that the trial court committed prejudicial error in admitting into evidence a photograph of Mr. Kellam's arm, the trousers he was wearing at the time of the robbery and the knife allegedly used by the defendant. The evidence shows that the photographs were taken at the police station approximately three to four days after the robbery occurred. Mr. Kellam, just prior to the introduction of the photograph by the solicitor, had testified that the defendant had twisted his arm and that as a result his fingers and arm had swollen and turned blue. The solicitor then offered the photograph to illustrate the condition of the arm a few days after the robbery. It is settled law in North Carolina that photographs may be used by a witness to illustrate and explain his testimony to the court and jury in order that they may better understand and interpret the testimony. *Simpson v. Oil Co.*, 219 N.C. 595, 14 S.E. 2d 638 (1941); *State v. Casper*, 256 N.C. 99, 122 S.E. 2d 805 (1961); Stansbury, North Carolina Evidence 2d, § 34. A photograph is not incompetent evidence and will not be excluded merely because it was not made at the time of the event to which it relates. *State v. Lentz*, 270 N.C. 122, 153 S.E. 2d 864 (1967). The photograph in the present case was identified by the witness as being a clear and accurate representation of the condition of his arm at the time it was taken and was admitted over a general objection. The defendant objected to the questions identifying the photograph but failed to ask that its admission be restricted. Without a request that the admission be restricted, his exception is not good. *State v. Cade*, 215 N.C. 393, 2 S.E. 2d 7 (1939). Had the defendant requested that the admission be restricted, it would have been error for the court to have failed to do so; however, when a general objection is made and overruled, if the evidence is competent for any purpose, it is not prejudicial error. *State v. Casper, supra.*

**[4, 5]**  The knife and the trousers which were introduced into evidence were sufficiently identified by the witness Kellam. He testified that the knife which was introduced was like the one he was threatened with by the defendant on the day of the robbery. In North Carolina it is competent to admit weapons where there is evidence which tends to show that they were used in the commission of a crime. *State v. Jarrett*, 271 N.C. 576, 157 S.E. 2d 4 (1967); *State v. Macklin*, 210 N.C. 496, 187 S.E. 785 (1936). Mr. Kellam identified the trousers, offered as State's Exhibit Two, as those worn by him on the day of the robbery. He testified that the right pocket, which was torn, was the pocket in which he was carrying his money

and that the defendant tore the pocket in taking his money from him. "In cases of homicide or other crimes against the person, clothing worn by the defendant or by the victim is admissible if its appearance throws any light on the circumstances of the crime. . . ." Stansbury, North Carolina Evidence 2d, § 118. This assignment of error is not sustained.

[6]  The appellant next contends that the court committed prejudicial error in failing to grant the defendant's motion for judgment as of nonsuit because the State's evidence failed to show that the witness positively identified the appellant. On a motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State. Kellam testified that the robbery took between five and ten minutes and that during this time he had an opportunity to see the faces of the men. He testified as follows regarding the defendant:

"This one here had his face stuck right in mine. He had his face up — rubbed against mine a time or two, and I saw him plenty good. There's the man without a doubt (The witness points to the defendant)."

On cross-examination, the witness again stated:

"I had seen this defendant before. After the robbery, I next saw him when he appeared in City Court for the hearing. I identified him by photographs. Just as soon as I saw it, I told them that that was the man and they got him."

He further testified on cross-examination that:

". . . I would hold my right hand up that that was the man if it was my last breath. He's the man. That's my honest to God opinion. I try to tell the truth if I know the truth, and if I can't I won't tell anything.

"His face was rough looking, bumpy. He had his face right up here, pushed his face all the way up in mine right in mine. I don't know about scars or cuts on his face. He had bumps in his face. His skin was rough. I couldn't say about scars or cuts on his face. I said his face was rough and bumpy. He was right up close to me. He was all over me. If he had had a big scar I don't know whether I would have seen it or not. I seen him enough that I know he's the man, I'm honest, I'd risk my life on that, I would do it — if I'm wrong, I'd be willing to lose my life."

The evidence is sufficient to show a positive identification of the defendant by the witness. There was no error committed by the trial

court in overruling the defendant's motion for judgment as of nonsuit.

[7]    The appellant's final assignment of error is that the trial court erred in refusing to set aside the verdict. A motion to set aside the verdict as being contrary to the evidence is addressed to the sound discretion of the trial judge and his ruling on the motion will not be reviewed on appeal absent a manifest abuse of discretion. *State v. Massey*, 273 N.C. 721, 161 S.E. 2d 103 (1968); *State v. Siler*, 2 N.C. App. 683, 163 S.E. 2d 537 (1968). In the present case there was no showing of any abuse of discretion on the part of the trial judge.

We have considered the assignments of error brought forward by the appellant and we find

No error.

CAMPBELL and PARKER, JJ., concur.