STATE OF NORTH CAROLINA v. ROBERT MUSE

No. 88

(Filed 15 December 1971)

1. **Criminal Law § 75— admissibility of incriminating statements — S.B.I. agent's statement that he "would let it be known"**

     Incriminating statements made by an incarcerated defendant to an S.B.I. agent were not rendered inadmissible by the agent's statement that he "would let it be known" if the defendant gave him any information, where (1) the defendant requested the agent's presence and volunteered the incriminating statements, (2) the agent did not solicit information from the defendant and he told him that he could make no promises, and (3) the agent's statement to "let it be known" was made with reference to other crimes than the one for which defendant was incarcerated.

2. **Criminal Law § 74— nature of inculpatory statements**

     The statements of a defendant which admit an essential part of the offense charged are inculpatory.

3. **Criminal Law § 75— admissibility of inculpatory statements — defendant in custody**

     The fact that a defendant was in custody when he made inculpatory statements does not of itself render the statements inadmissible.

4. **Criminal Law § 75— Miranda rights — custodial interrogation**

     A police officer is not required to warn a defendant of his *Miranda* rights where there is no custodial interrogation.

5. **Criminal Law § 146— Supreme Court review of decision by Court of Appeals — State's petition for certiorari**

     In a criminal case in which the State petitioned for certiorari to review a decision of the Court of Appeals, the Supreme Court elected to consider assignments of error that were not considered by the Court of Appeals. G.S. 7A-31.

6. **Criminal Law § 50; Receiving Stolen Goods § 4— opinion testimony — value of stolen goods**

     In a prosecution charging defendant with receiving stolen goods, it was proper to allow the owner of the stolen goods to give his opinion as to the value of the goods.

7. **Criminal Law § 50— opinion testimony — admissibility**

     Where the answer of the witness clearly indicated that he had an opinion as to the value of stolen articles, his failure to state first that he had such opinion was not prejudicial error.

8. **Receiving Stolen Goods §§ 3, 6— instructions on identity of goods stolen — recent possession doctrine**

     Where the State in a prosecution for receiving stolen goods did not rely upon the presumption arising from the possession of recently

stolen goods, the trial court was not required to charge that the jury
must find that the goods allegedly received by defendant were the
same goods that were stolen.

**9. Larceny § 5— recent possession doctrine — presumption — evidentiary
facts**

The doctrine of recent possession of stolen goods allows the
raising of an inference that the possessor is guilty of breaking and
entering and larceny; it is an evidentiary circumstance to be considered
by the jury along with all other circumstances.

**10. Criminal Law § 42; Receiving Stolen Goods § 4— exhibits — admissibility of allegedly stolen goods**

In a prosecution for receiving tools that were stolen from an automobile parts shop, the following exhibits were relevant and properly
identified for admission in evidence: an inventory made by the chief
of police of the tools that were purchased from the defendant, and the
various tools that were identified as the tools purchased from the
defendant.

ON *certiorari* to review decision of the Court of Appeals
reported in 11 N.C. App. 389, which ordered a new trial for
error found in the trial before *Rouse, J.,* at 22 September 1970
Session of Superior Court of CAMDEN.

We allowed the State's petition for certiorari pursuant to
G.S. 7A-31 on 30 July 1971.

Defendant was charged in a bill of indictment by the Grand
Jury of Pasquotank County with breaking and entering and
larceny, and with receiving stolen goods, knowing them to be
stolen. On 25 February 1970 defendant appeared in the Superior
Court of Pasquotank County with counsel J. Ball of the Virginia
Bar, and Mr. J. W. Jennette of the Pasquotank Bar. His counsel
tendered a plea of guilty to receiving stolen property; however,
defendant stated that he would plead guilty to receiving stolen
property, but not knowing that it was stolen. The court refused to accept this plea, and set the trial for the next day.
Defendant failed to appear, and the trial judge set his appearance bond in the amount of $20,000. Defendant was later apprehended in Virginia and was returned to Pasquotank County
jail. He escaped from that jail and was again apprehended, and
upon return to North Carolina was sent to Central Prison in
Raleigh to await his trial. Upon defendant's motion, Judge
Walter Cohoon ordered a change of venue to Camden County,
set defendant's appearance bond in the amount of $10,000, and
set the date of trial for the 21 September 1970 Session of Camden. The case was called for trial on 22 September 1970, and

the solicitor announced that he elected to try defendant on the charge of receiving stolen property. Defendant, through his counsel, Messrs. J. M. Ball and Herbert Mullen, entered a plea of not guilty.

The State's evidence may be summarized as follows:

Thomas L. McDaniels, part-owner of City Motor Parts, Inc., testified that on the morning of 3 May 1969 he discovered that his building had been forcibly entered during the previous night and that a number of tools and automobile parts had been removed. At the request of the police he had hastily prepared a list of missing tools which he valued at approximately $1,000 to $1,200. He later identified a number of missing tool sets by description and stock number. These tool sets had not appeared on the original list. He stated, over objection, that in his opinion these tool sets had a fair market value of $200 to $250.

Calvin Hudson, who operated an automobile repair garage in Pasquotank County, testified that sometime after 3 May 1969 defendant offered to sell him a box of tools for $130. Defendant stated that the tools were not stolen. Hudson told defendant that he did not have that kind of money and would need two or three days to get the money. On the next day he contacted Thomas McDaniels, who told him to go ahead and buy the tools. He bought the tools two or three days later for the agreed price of $130, notified McDaniels, and later delivered the tools to McDaniels and local police officers. He did not get any serial numbers from the tools, but he stated that a number of the tools exhibited to him in court were similar to those which he had delivered to McDaniels and the police officers.

W. C. Owens, Chief of Police of Elizabeth City, stated that he accompanied McDaniels and SBI Agent O. L. Wise to Hudson's garage where Hudson exhibited and delivered a number of tools to them. Owens identified a number of the tools as being a portion of the tools seen at the garage. He identified a paperwriting made by him on 22 May 1969 which purported to be a list of items recovered from Hudson's garage which Hudson had purchased from Robert Muse on Wednesday, 21 May 1969. The first item on this list was an "Ingersol Rand Impactool, size 405, Serial No. 128125, Model A." The list which he identified was marked State's Exhibit 15, and was introduced into evidence over defendant's objection.

T. L. McDaniels was recalled and identified and placed values totalling $685 on tools which he said were the same as described on the itemized lists. He could identify only the air wrench by serial number. Other items were identified by inventory and stock number. He stated his business was the only one in the Elizabeth City area which sold some of the items recovered from Hudson.

SBI Agent O. L. Wise, *inter alia*, testified as to conversations he had with defendant while defendant was confined in jail. This witness' testimony will be considered in the opinion.

The State's other evidence was cumulative and need not be recounted.

The defendant offered no evidence.

The jury returned a verdict of guilty of receiving stolen goods, knowing them to be stolen, as charged in the bill of indictment. Defendant appealed from judgment imposing a prison sentence for a term of not less than five nor more than seven years.

*Attorney General Morgan, Assistant Attorney General Briley for the State.*

*Grafton G. Beaman, Worth & Beaman, for defendant.*

BRANCH, Justice.

[1] Defendant's principal assignment of error is that the trial court erred in its voir dire findings and in allowing into evidence incriminating statements made by defendant.

When the State called SBI Agent O. L. Wise as a witness, he testified that he had had a conversation with defendant. Upon objection, the trial judge excused the jury and held a voir dire hearing.

Agent Wise testified on voir dire that he made several visits to defendant's jail cell during the period from 12 June 1969 to 15 July 1969. Each visit was made pursuant to a request by defendant. Defendant asked his help towards getting a smaller appearance bond. Defendant told him that he had information that would be helpful in solving other crimes. Wise told defendant that if he gave him any information he would appreciate it

and that he "would let it be known." He told defendant that he could make no promises. He never cautioned defendant as to his constitutional rights since he did not go to the jail for the purpose of questioning defendant. Wise stated that all statements made by defendant were made without prompting from him and that he did not initiate any of the questions or at any time interrogate defendant. Defendant gave him information concerning other crimes and also told him that he (defendant) had bought certain tools for $90 which he later sold to Mr. Hudson. Defendant further stated that he did not break into the City Motor Parts building. Wise was the only witness to testify on voir dire and he was not cross-examined by defendant's attorney.

At the close of the voir dire hearing, the trial judge, *inter alia,* found:

(7) No "Miranda warning" was given to the defendant by Mr. Wise. At the time of the alleged conversation the defendant was under arrest and was in custody. C Mr. Wise did not request the defendant to make a statement concerning the alleged breaking and entering of City Motor Parts, Inc., and larceny of tools therefrom. The information and above statements of the defendant were volunteered on the occasions when he called for Mr. Wise and when Mr. Wise talked to him at his request in the Pasquotank County Jail. D

E (8) Mr. Wise did not solicit information from the defendant concerning the City Motor Parts, Inc. case. F

G (9) This was not a custodial interrogation, wherein the questioning was initiated by a law enforcement officer after the person had been taken into custody, or otherwise deprived of his freedom of action. H

The Court then concluded:

M (a) The statements made by the defendant on the occasions in question concerning the tools taken from City Motor Parts, Inc., were voluntarily and understandingly made and are admissible as evidence in this case. N

O (b) The statements made by the defendant on the

occasion in question do not fall within the prohibition of *Miranda v. Arizona.* P

Defendant's objection was overruled and Agent Wise then testified before the jury to substantially the same facts which he related on voir dire.

There was plenary evidence to support the findings of fact made by the trial judge, and such findings will not be disturbed on appeal. *State v. Childs,* 269 N.C. 307, 152 S.E. 2d 453; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216.

We therefore need only decide whether the circumstances of this case, as a matter of law, rendered the statements inadmissible.

[2, 3] The statements made by defendant to SBI Agent Wise were inculpatory since they admitted an essential part of the offense charged. *State v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193. However, the fact that defendant was in custody when he made the statements does not of itself render the confession inadmissible. *State v. Hines,* 266 N.C. 1, 145 S.E. 2d 363.

In *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, we find the following:

> " (T)he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.
>
> . . . .
>
> "The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but *whether he can be interrogated.* There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility

is not affected by our holding today." Id. at 478, 16 L. Ed. 2d at 726, 86 S. Ct. at 1630. (Emphasis added.)

Accord: *State v. Chance,* filed this day; *State v. Fletcher* and *St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405; *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245; *State v. Perry,* 276 N.C. 339, 172 S.E. 2d 541; *State v. Meadows,* 272 N.C. 327, 158 S.E. 2d 638; *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802.

It should be noted that the statement made by the SBI Agent that he would "let it be known" was made in conversation concerning other crimes and was accompanied by a statement from the officer that he could make no promises.

[4] The circumstances of this case do not show that defendant's statements were "obtained by hope or fear," *State v. Roberts,* 12 N.C. 259, or that they resulted from any sort of pressure, *State v. Perry, supra.* This record clearly shows that there was no custodial interrogation. Thus, it was not necessary for Agent Wise to warn defendant of his rights as required by *Miranda v. Arizona, supra.*

There was no error in the voir dire proceedings, and the trial judge properly admitted defendant's statements into evidence.

[5] When this Court grants certiorari pursuant to 7A-31, our review is ordinarily restricted to the rulings of the Court of Appeals which are assigned as error in the petition for certiorari and brought forward in petitioner's brief. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353. However, this case is unusual in that it is a criminal case in which the State petitioned for certiorari. The Court of Appeals ruled on only one of defendant's assignments of error in granting a new trial. We therefore elect to depart from the general rule and consider the remaining assignments of error.

[6] Defendant contends that the trial judge committed prejudicial error by allowing certain opinion evidence as to value. During the solicitor's direct examination of State's witness Thomas L. McDaniels, the part-owner and operator of City Motor Parts, Inc., the following occurred:

Q. Did you place a value on these items that were missing?

A. No, sir.

Q. Do you have an opinion now satisfactory to yourself as to the reasonable market value of them?

A. Well—

OBJECTION by defendant OVERRULED. EXCEPTION No. 1.

A. Well I would estimate between Two and Two Fifty.

Q. $200 and $250?

A. Yes, sir.

A witness who has knowledge of value gained from experience, information and observation, may give his opinion of the value of personal property. Stansbury, N. C. Evidence 2d, § 128, p. 300.

In this jurisdiction when a witness is offered for the purpose of giving opinion evidence, the approved procedure requires that he first be qualified to give the evidence. After qualification, he is asked if he has an opinion and, upon giving an affirmative answer, is then asked to state his opinion.

[7] The witness McDaniels obviously had such experience and knowledge as would qualify him to give opinion evidence concerning the value of this property. Since his answer clearly indicated that he had an opinion, his failure to first state that he had such opinion does not constitute prejudicial error.

Even had the admission of this evidence been prejudicial error, it was later rendered harmless by the admission, without objection, of similar evidence from the same witness. *Carver v. Lykes,* 262 N.C. 345, 137 S.E. 2d 139. This assignment of error is overruled.

[8] Defendant contends that the trial judge's failure to instruct the jury that they must find from the evidence and beyond a reasonable doubt that the tools allegedly received by defendant were the same tools stolen from City Motor Parts, Inc., resulted in prejudicial error.

In support of this contention he cites and relies on *State v. Frazier,* 9 N.C. App. 44, 175 S.E. 2d 377 and *State v. Jackson,* 4 N.C. App. 459, 167 S.E. 2d 20, which require such a charge. In these cases the defendants were charged with breaking and entering and larceny, and the State relied on the doctrine of recent possession of stolen goods.

[9] The doctrine of recent possession of stolen goods as recognized by this Court allows the raising of an inference that the possessor is guilty of breaking and entering and larceny. It is an evidentiary circumstance to be considered by the jury along with all other circumstances. *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578; *State v. Foster*, 268 N.C. 480, 151 S.E. 2d 62. The trial judge in such cases must require the jury to find from the evidence and beyond a reasonable doubt that the goods found in possession of the accused are the same goods that were lost as the result of the breaking and entering or the larceny with which he stands charged. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369. This requirement is understandable since the allowed inference would lose all its probative value if the goods possessed by the defendant were not the same goods lost as a result of the larceny or the breaking and entering with which he stood charged.

The essential elements of the crime of receiving stolen goods are: "(a) The stealing of the goods by some other than the accused; (b) that the accused, knowing them to be stolen, received or aided in concealing the goods; and (c) continued such possession or concealment with a dishonest purpose." *State v. Neill*, 244 N.C. 252, 93 S.E. 2d 155. Wharton's Criminal Evidence, 10th Edition, Volume 1, § 325b, p. 643.

The crime of receiving stolen goods is a "sort of secondary crime based upon a prior commission of the primary crime of larceny" and "(t)he inference or presumption arising from the recent possession of stolen property, without more, does not extend to the statutory charge (G.S. 14-71) of receiving stolen property knowing it to have been stolen or taken." *State v. Neill, supra.*

In his final mandate to the jury, the trial judge charged:

So I charge you, Ladies and Gentlemen, that if you find from the evidence and beyond a reasonable doubt, the burden being on the State to so satisfy you, that the defendant, Robert Muse, at the time and place in question, that is, subsequent to May 3, 1969 and before May 21, 1969, did receive certain goods, which had been stolen by some person other than the defendant, and that the goods so stolen and so received by the defendant, were of a value in excess of $200, and that at the time he received the goods the defend-

ant knew that they had been theretofore feloniously stolen, and that the property was received by the defendant with a felonious intent, that is, the intent to deprive the owner of its property permanently and to convert it to the use of the person so receiving the same, that is, the defendant, it will be your duty to render a verdict against the defendant of guilty, as charged in the bill of indictment. If you fail to so find it will be your duty to give a verdict of not guilty, or if upon a fair and impartial consideration of all the evidence and circumstances in the case you have a reasonable doubt as to his guilt, it will be your duty to give him the benefit of such doubt and acquit him.

If under the circumstances of this case you find from the evidence and beyond a reasonable doubt that the defendant received stolen goods, knowing them to be stolen, as the court has explained these terms to you, and the goods in question were of a value of $200 or less, then it would be your duty to return a verdict of guilty of receiving stolen goods, knowing them to have been stolen, of a value of $200.00 or less, a misdemeanor. If you fail to so find it will be your duty to give a verdict of not guilty, or if upon a fair and impartial consideration of all the evidence and circumstances in the case you have a reasonable doubt as to his guilt, it will be your duty to give him the benefit of such doubt and acquit him.

In instant case the State does not rely on inferences or presumptions, and the charge placed upon the State the burden of proving beyond a reasonable doubt each individual element of the crime of receiving stolen property. This charge was adequate and this assignment of error is overruled.

[10] Defendant contends that the trial judge committed prejudicial error by admitting into evidence State's Exhibits 8, 9, 10, 11 and 15 without sufficient identification by the State's witnesses.

State's Exhibit 15 was an inventory or list made by Chief of Police Owens of tools that he received from the witness Hudson. He testified that he made the inventory immediately after the tools were received from Hudson.

State's Exhibit 10, consisting of nineteen Husky socket wrenches; State's Exhibit 11, consisting of a ratchet wrench and

extension; and State's Exhibit 9, a box of tools, were all admitted into evidence after witness Hudson stated that they appeared to be the same items that he had purchased from defendant and after the Chief of Police had, without objection, identified State's Exhibits 8, 9, 10, and 11 as the items he had received from Hudson. State's Exhibit 8 was identified by Cliff Jones, a part-owner of City Motor Parts, Inc., by the number and his handwriting that appeared thereon.

Any object which has a relevant connection with the case is admissible into evidence. *State v. Stroud,* 254 N.C. 765, 119 S.E. 2d 907. Such object must be identified by the witness. *State v. Burno,* 158 N.C. 632 74 S.E. 462.

In the case of *State v. Macklin,* 210 N.C. 496, 187 S.E. 785, the defendant was charged with murder. It was there stated:

"The only other exception was to the admission of the shotgun as an exhibit in the case. It was competent to show the possession of a shotgun by defendant about the time of the homicide, and it was testified that the one found in his room was like the one with which he had been seen on the night the deceased was shot. This exception cannot be sustained. *S. v. Burno,* 158 N.C. 632; *S. v. Vann,* 162 N.C. 534. The charge of the court was free from error."

See also: *State v. Fikes,* 270 N.C. 780, 155 S.E. 2d 277; *State v. Jarrett,* 271 N.C. 576, 157 S.E. 2d 4; *State v. Tilley,* 272 N.C. 408, 158 S.E. 2d 573.

We hold that State's Exhibits 8, 9, 10, 11 and 15 were relevant and were sufficiently identified before their introduction. The trial judge properly admitted them into evidence.

A careful examination of the entire record fails to reveal prejudicial error. The decision of the Court of Appeals is

Reversed.