State v. Averette

STATE OF NORTH CAROLINA v. ROBERT LEON AVERETTE

No. 7410SC376

(Filed 19 June 1974)

Burglary and Unlawful Breakings § 4; Larceny § 6— break-in of drugstore — admissibility of items connected with crime

A cash box, bottles of narcotics, prescription scales, pry bars, a chisel, and a paper listing the drugs found in the basement of defendant's residence tended to show the break-in and larceny of a drugstore with which defendant was charged and were sufficiently tied to the defendant by the testimony of other witnesses so as to be circumstantial evidence of his guilt.

APPEAL by defendant from McKinnon, Judge, 17 December 1973 Session of Superior Court held in WAKE County. Heard in the Court of Appeals on 23 April 1974.

This is a criminal action wherein the defendant, Robert Leon Averette, was charged in a bill of indictment, proper in form, with felonious breaking or entering and felonious larceny and receiving. Upon arraignment, the defendant entered a plea of not guilty and the State offered evidence tending to establish the following:

Carol Ruth Dane, the principal witness for the State, testified that she had moved from South Carolina to Raleigh in May 1973 and that a short time thereafter she moved into a house on Cabarrus Street, where defendant and several other people also resided. On 22 May 1973, defendant informed Dane and several others that he had developed plans to break into a local drug store but that he had not pursued these plans because he had been unable to find anyone to help him. Several people, including the State's witness, volunteered their services and later on the same evening, three men (including defendant) entered the Arnold Rexall Drug Store on Hillsborough Street,

while Dane and another female companion served as lookouts. Approximately thirty minutes after entering the drug store, the defendant and the other accomplices picked up Dane at her lookout position; and at this time, she observed a safe in the trunk of the automobile.

Upon returning to the house, the defendant and his companions were unable to open the safe. The next day, according to the testimony of witness Dane, she heard a pounding noise from the basement and that a short time after the noise ceased, the defendant came upstairs with a small metal box containing money and some drugs. Thereafter the defendant and the other members involved in the break in divided the money and drugs.

The State also offered as a witness Mr. B. D. Arnold, owner of the drug store; and he identified the money box and some of the drugs offered into evidence as items which were in the safe on the night of the robbery. Further evidence tended to show that the drug store was entered by means of prying out a fan and opening a window, and that the doors of the drug store which had previously been locked were broken open.

The defendant offered evidence tending to show that on the date of the break in he was in Black Mountain visiting a girl friend. Also, he testified that he did not meet Carol Dane until 24 May 1973, two days after the alleged crime had been committed. Finally, his evidence tended to show that he saw Dane and others in the possession of a considerable amount of drugs and a metal box at a date subsequent to 22 May 1973.

The jury, after deliberation, returned verdicts of guilty of felonious breaking or entering and felonious larceny as charged. The judgment imposed thereon called for the defendant to be imprisoned for the term of ten (10) years on the charge of breaking or entering and for defendant to be imprisoned for the term of ten (10) years on the charge of felonious larceny, this latter sentence to run concurrently with the sentence above imposed on the count of breaking or entering.

The defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Williaim F. Briley for the State.*

*T. Dewey Mooring, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant contends that the trial court committed error in permitting the introduction of certain of the State's exhibits. The exhibits which are the subject of this assignment of error are as follows: a cash box, bottles which contained narcotics, prescription scales, two pry bars, a chisel, and a paper listing the drugs found in the basement of the house in question. The defendant argues that the introduction of the exhibits served only the purpose of corroborating the State's witness Carol Dane's testimony, and that the exhibits were inadmissible for this purpose, as the witness' credibility had not been attacked. This argument is without merit. All of the items introduced into evidence by the State tended to show the break in and larceny with which the defendant was charged and were sufficiently tied to the defendant by the testimony of other witnesses so as to be circumstantial evidence of his guilt. *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), cert. denied 406 U.S. 974 (1972); *State v. Stroud*, 254 N.C. 765, 119 S.E. 2d 907 (1961).

We have carefully reviewed defendant's two other assignments of error and find them also to be without merit. The defendant was afforded a fair trial free from prejudicial error.

No error.

Judges BRITT and CARSON concur.