STATE v. ERTLE EMANUEL AND CARL STANTLIFF.

(Filed 16 June, 1966.)

**1. Receiving Stolen Goods § 5—**

Where, in a prosecution of defendant for receiving stolen goods with knowledge that they had been stolen, the only evidence against the defendant is testimony that stolen goods were found on this defendant's premises shortly after they had been stolen, testimony of a codefendant tending to implicate defendant having been admitted solely against such codefendant, nonsuit should have been allowed.

**2. Criminal Law § 99—**

Exculpatory statements offered in evidence by the State are properly considered on motion for nonsuit.

MOORE, J., not sitting.

APPEAL by defendant Stantliff from *Braswell, J.*, Regular October-November Session 1965 of ROBESON.

The appellant, Carl Stantliff, and his codefendant were charged in a bill of indictment containing four counts: (1) That on 6 April 1965, the defendants did conspire to feloniously break and enter the dwelling house of one Addie Locklear, (2) that on 6 April 1965, the defendants did break and enter the aforesaid dwelling of Addie Locklear with the felonious intent to steal and carry away the goods and merchandise of the said Addie Locklear, (3) that on said date the defendants did break and enter the dwelling of Addie Locklear and did steal and carry away a 50-pound stand of lard and two country hams, and (4) that the defendants did feloniously receive and have said lard and hams, the property of Addie Locklear, the said defendants knowing the same to have been stolen.

The State's evidence tends to show that during the nighttime on 6 April 1965 Ertle Emanuel, one of the defendants herein, and James Spivey broke into and entered the unoccupied dwelling of Addie Locklear; that Emanuel and Spivey took from the Locklear dwelling two cured hams and one 50-pound stand of lard; that the stolen goods were put in a smoke house located near the filling station of the defendant Stantliff; that Stantliff's filling station is located within sight of the Locklear home.

The stolen goods were found in Stantliff's smoke house on the morning of 7 April 1965 by deputy sheriff Freeman; that the appellant Stantliff denied knowing the stolen items were on his property or how they got there.

The deputy sheriff testified to certain statements made to him by the defendant Emanuel which tended to implicate the defendant Stantliff and further tending to show that Stantliff planned the theft. This evidence, however, was admitted only against the defendant Emanuel.

Neither Emanuel nor Stantliff testified at the trial below, but defendant Stantliff offered evidence tending to show that he spent the entire night of 6 April 1965 in Lumberton and did not go to his filling station until early on the morning of 7 April 1965.

At the close of the State's evidence both defendants moved for judgment as of nonsuit on all four counts in the bill of indictment. The motion was denied as to the defendant Emanuel, but as to defendant Stantliff, his motion was allowed as to the first two counts in the bill of indictment and denied as to the third and fourth counts.

The jury returned a verdict against the defendant Stantliff of guilty of receiving stolen goods knowing them to have been stolen. He appeals, assigning error.

---

---

*Attorney General Bruton and Assistant Attorney `General Rich for the State.*

*Musselwhite and Musselwhite and J. H. Barrington, Jr., for defendant appellant.*

PER CURIAM.   The defendant assigns as error the failure of the court below to allow his motion for judgment as of nonsuit on the fourth count, made at the close of all the evidence.

There was ample evidence to go to the jury against the defendant Stantliff on the fourth count had the confession of Emanuel been admissible against the defendant Stantliff. Emanuel's statement, however, was admitted only against him and excluded as to Stantliff. Therefore the only evidence we have against Stantliff is the possession of the stolen goods. Furthermore, the State introduced in evidence the exculpatory statement of Stantliff.

In our opinion the case of *State v. Hoskins,* 236 N.C. 412, 72 S.E. 2d 876, is controlling on the record before us and the motion for judgment as of nonsuit should be allowed.

Reversed.

MOORE, J., not sitting.