STATE OF NORTH CAROLINA v. JERRY CASSADA

No. 6928SC401

(Filed 19 November 1969)

**Constitutional Law § 28; Criminal Law § 23; Receiving Stolen Goods § 7— receiving stolen goods — guilty plea — no indictment or waiver of indictment for such offense**

Where defendant was being tried upon indictments charging him with felonious breaking and entering and felonious larceny, the trial court

erred in accepting during trial defendant's plea of guilty of the felony of receiving stolen goods when defendant had not been indicted for such offense and had not waived a bill of indictment pursuant to G.S. 15-140.1, and the sentence of imprisonment imposed by the court is vacated as a nullity.

APPEAL by defendant from *Froneberger, J.,* March 1969 Criminal Session, BUNCOMBE County Superior Court.

The defendant was indicted for the felonious larceny of various shotguns, rifles and pistols with a total value of $750.00. In the bill of indictment the various items were described. In another bill of indictment the defendant was charged with the felony of breaking and entering. The two charges, one under each bill of indictment, were consolidated for the purpose of trial, and the defendant entered a plea of not guilty to each offense.

During the course of the trial the defendant, through his privately-employed attorney, withdrew the plea of not guilty and tendered a plea of guilty to feloniously receiving stolen merchandise, knowing same to have been stolen. After questioning the defendant as to his understanding of the plea which he tendered, the trial judge determined and adjudicated that the defendant entered his plea of guilty voluntarily, freely, understandingly and without any undue influence, compulsion, duress or promises of leniency.

From a sentence of not less than five nor more than ten years in the State's prison, the defendant appealed to this Court. The defendant was found to be an indigent, and an attorney was duly appointed to represent him in his appeal.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Carl W. Loftin, for defendant appellant.*

CAMPBELL, J.

The defendant assigns as error the acceptance by the court of a plea of guilty to the felony of receiving stolen goods, knowing them to have been stolen, when he had not been indicted for such an offense and had not waived a bill of indictment.

"The crimes of larceny and of receiving stolen goods, knowing them to have been stolen, are separate and distinct offenses. . . ." *State v. Brady,* 237 N.C. 675, 75 S.E. 2d 791 (1953).

In *McClure v. State,* 267 N.C. 212, 148 S.E. 2d 15 (1966), Chief Justice Parker stated:

"G.S. 15-137 reads in relevant part: 'No person shall be . . . put on trial before any court, but on indictment found by the grand jury, unless otherwise provided by law.'

'There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity.' 42 C.J.S., Indictments and Informations, § 1; *S. v. Albarty*, 238 N.C. 130, 76 S.E. 2d 381; *S. v. Strickland*, 243 N.C. 100, 89 S.E. 2d 781; *S. v. Morgan*, 226 N.C. 414, 38 S.E. 2d 166."

In the instant case there was no bill of indictment for the crime of receiving stolen goods and neither was there a waiver of such bill of indictment pursuant to G.S. 15-140.1.

The sentence of imprisonment of defendant imposed in the trial court is vacated as a nullity.

PARKER and GRAHAM, JJ., concur.