STATE OF NORTH CAROLINA v. IRIS THOMAS LASH

No. 7318SC320

(Filed 1 May 1974)

1. Searches and Seizures § 2— consent to search vehicle — applicability to trunk

   That defendant gave a police officer only her ignition key and professed not to have the key to the car's trunk in her possession did not compel a finding that permission to search the vehicle which she gave the officer extended only to the body and did not include the trunk of the car; therefore, pillowcases of clothing seized by officers from the trunk were admissible in a prosecution of defendant for receiving stolen property.

2. Criminal Law § 34; Receiving Stolen Goods § 4— merchandise stolen from Belk's — Sears merchandise found in defendant's vehicle admissible

   In a prosecution of defendant for felonious larceny and felonious receiving of clothing from Laurie's Incorporated and Belk Department Store, the trial court did not err in allowing into evidence testimony that seven men's suits with Sears Roebuck tags attached were found in defendant's vehicle upon her arrest, since the evidence was relevant to show the accused's knowledge of the stolen character of the goods which she was charged with having knowingly received and to show a plan or design to commit the offense charged by leaving her vehicle parked in the shopping center lot to serve as a convenient receptacle into which others might deposit stolen goods.

3. Receiving Stolen Goods § 4— receiving stolen clothing — evidence as to inventory tags

   In a prosecution for felonious larceny and felonious receiving, the trial court did not err in allowing employees of the stores from which goods were allegedly taken to testify that, when a garment is sold in their stores, a part of the tag is removed and that the tags on the garments found in defendant's car were intact, thus indicating that the garments had not been sold.

4. Receiving Stolen Goods § 5— receiving stolen clothing — sufficiency of evidence

   In a prosecution for the felonious receiving of stolen goods evidence was sufficient to withstand defendant's motion for nonsuit where it tended to show that a witness saw someone other than defendant place some goods in defendant's car, defendant subsequently entered the car with the goods in plain view and drove away, and, when she was arrested a short while later, she had no key to the trunk, but the trunk was filled with new clothing which was rolled up on store hangers with inventory tags intact.

APPEAL by defendant from *Crissman, Judge,* 9 October 1972 Criminal Session of Superior Court held in GUILFORD County.

Defendant was charged in a bill of indictment with (1) the felonious larceny of four particularly described lady's pants suits having a total value of $378.00, the property of Laurie's Incorporated, and (2) the felonious receiving of the same property. In a second bill of indictment defendant was charged with (1) the felonious larceny of two particularly described men's suits and two particularly described lady's pants suits having a total value of $354.00, the property of Belk Department Store, a corporation, and (2) the felonious receiving of the same property. The cases were consolidated for trial and defendant pled not guilty to all counts.

The State's evidence in substance showed the following: At approximately 2:00 p.m. on 13 June 1972 the manager of a men's wear shop in the Friendly Shopping Center called the security force after he had observed a woman in his store attempting to shoplift merchandise. At approximately the same time he observed a 1970 Pontiac Firebird automobile parked in the shopping center parking lot near the rear of Belk's Department Store. He kept this automobile under observation for approximately forty minutes, during which time he saw a woman, who was not the defendant, come out of the front door of the Belk Store, walk to the Pontiac automobile, open the back door, dump merchandise onto the floorboard, and walk away from the vehicle and into the rear door of the Belk Store. A Greensboro police officer, who arrived at approximately 3:30 p.m., observed "two pillowcases with clothes in it (sic) and some folded up pillowcases on the floorboard of the car" behind the driver's seat. Police officers continued to keep the car under observation until approximately 4:25 p.m., when defendant walked up, opened the door on the driver's side, got in, and drove away. The officers followed and stopped defendant a short distance away. She was arrested for driving without a driver's license and for failing to have proper registration for her vehicle. The officers picked up the clothing contained in a pillowcase on the floorboard behind the driver's seat and found that this consisted of two men's and two women's suits from Belk's Department Store. These clothes were on hangers and the Belk tags were attached intact. A subsequent search of the trunk of the car revealed four women's pants suits valued at $378.00 from Laurie's, Incorporated, another clothing store at the shopping center, as well as seven men's suits with Sears Roebuck tags attached in the total amount of $569.46. The Belk's and Laurie's suits were rolled up and still attached to

their hangers, and no sales slips or wrapping paper, bags, or other packaging were discovered in the vehicle. Employees of Belk's and Laurie's testified that the intact condition of the price tags and inventory control pull tickets on the Belk's and Laurie's suits indicated that this merchandise had not been sold in the normal course of business.

Defendant offered no evidence. The jury found her not guilty of the two charges of larceny and guilty of each of the two charges of felonious receiving. The cases were consolidated for judgment, and defendant was sentenced to prison for the term of not less than seven nor more than ten years, the sentence to commence at the expiration of a sentence for manslaughter imposed in Forsyth County.

*Attorney General Robert Morgan by Special Consultant Wade E. Brown for the State.*

*William G. Pfefferkorn for defendant appellant.*

PARKER, Judge.

[1]  Appellant's first assignment of error is directed to the overruling of her objections to evidence concerning the merchandise found in the trunk of her car. Prior to admitting this evidence, the trial court conducted a voir dire examination of the police officer who searched the car. On the basis of competent evidence, the court found that defendant gave the officer permission to search her car, including its trunk, and that this permission was granted after defendant had been fully advised of and understood her rights. That she gave the officer only the ignition key and professed not to have the key to the car's trunk in her possession did not, as appellant now seems to contend, compel a finding that the permission to search extended only to the body and did not include the trunk of the car. The officer obtained access to the trunk through the rear seat, and the search having been made with defendant's permission, her objections to the evidence obtained as a result of the search were properly overruled.

[2]  Appellant contends that at least the evidence concerning the Sears Roebuck suits should have been excluded, since this tended to show defendant guilty of an unrelated crime. If this be so, the evidence was not inadmissible. "Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy

is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime." 1 Stansbury's N. C. Evidence, Brandis Revision, § 91, p. 289. Here, the evidence concerning the Sears Roebuck suits was relevant both to show the accused's knowledge of the stolen character of the goods which she was charged with having knowingly received and to show a plan or design to commit the offense charged by leaving her vehicle parked in the shopping center parking lot to serve as a convenient receptacle into which others might deposit stolen goods. There was no error in admission of the testimony concerning the Sears Roebuck suits. *State v. Murphy*, 84 N.C. 742; 1 Stanbury's N. C. Evidence, Brandis Revision, § 92.

[3] There was no error in permitting employees of the Belk's and Laurie's stores to testify that when a garment is sold in their stores a part of the tag is removed for the purpose of inventory control to record the sale of the particular garment by color, size, style and manufacturer, and to testify that the tags on the garments found in defendant's car were intact, which indicated the garments had not been sold. These were facts within the knowledge of the witnesses, and their testimony did not invade the province of the jury, which still had the task of determining whether the garments had been stolen.

[4] Defendant's motions for nonsuit were properly denied. "The essential elements of the crime of receiving stolen goods are: '(a) The stealing of the goods by some other than the accused; (b) that the accused, knowing them to be stolen, received or aided in concealing the goods; and (c) continued such possession or concealment with a dishonest purpose.'" *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214. When the evidence is viewed in the light most favorable to the State and the State is given the benefit of every reasonable inference which may be legitimately drawn therefrom, there was substantial evidence to support a jury finding of all material elements of the offenses of which they found defendant guilty. The physical condition of the substantial number of new garments found in defendant's car, rolled up as they were on the store hangers and with inventory tags intact, gave rise to a reasonable inference that they had been stolen. An eyewitness testified that he saw someone other than the accused place part of these goods in defendant's

car, supporting a finding that someone other than the defendant had committed the thefts. These goods were in plain view in defendant's car where she could have seen them when she got in her car to drive away, and nevertheless she did drive away. When arrested a short while later, she did not have a key to the trunk, but it is obvious that someone had such a key, for the trunk was filled with the clothing from Belk's and Sears Roebuck. All of the evidence taken together supports the inference which the jury might reasonably draw that defendant, after giving the trunk key to some other person, left her automobile parked at a convenient location in the shopping center parking lot for a sufficient length of time that others might use it as a depository for stolen goods, and that when she drove away in her car she both knew that it contained stolen goods and intended to continue to possess such goods with a dishonest purpose. There was no error in overruling the motions for nonsuit.

We have carefully reviewed appellant's remaining assignments of error, which are directed to portions of the court's charge to the jury and to the court's control over a portion of argument of counsel to the jury, and find no prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.