STATE OF NORTH CAROLINA v. GARY BURNETTE

No. 7428SC279

(Filed 5 June 1974)

Receiving Stolen Goods § 5— absence of evidence someone else stole property

    Evidence that class rings were stolen from the trunk of a car in August 1972 and that defendant gave the stolen rings to another to sell in November 1972 was insufficient to be submitted to the jury on the issue of defendant's guilt of receiving stolen goods in violation of G.S. 14-71 since there was no evidence that someone other than defendant stole the rings or that defendant received the rings from another.

APPEAL from *Gambill, Judge,* 1 October 1973 Session of BUNCOMBE County Superior Court. Argued in the Court of Appeals 20 March 1974.

The defendant was charged in a bill of indictment with the felony of receiving stolen goods, knowing that said goods were stolen. A plea of not guilty was entered. From a verdict of guilty as charged and an active sentence imposed thereon, the defendant gave notice of appeal.

The State's evidence showed that George Goosmann was a manufacturer's representative engaged in the business of selling high school and college rings. On 20 August 1972, Goosmann had in his possession approximately four hundred samples of high school and college class rings. He placed these items in the trunk of his car, which was protected by a burglar alarm system. The following morning he observed that the burglar system had been cut. Upon opening the trunk of his car, he discovered that the rings and other items of personal property had been stolen.

Steve Crane testified that on 26 November 1972, the defendant came to his house. He brought some rings with him and asked Crane if he could sell them. The defendant offered to sell the rings to Crane for two to three dollars apiece and let Crane sell them for whatever he could get for them, keeping the profit for himself. Crane sold twenty-two rings to various individuals for forty-two dollars and gave the money to the defendant. The defendant filled the ring case again for Crane and left. Crane had asked the defendant if the rings were "hot." The defendant did not answer. The ring case and rings given by defendant to Steve Crane were introduced into evidence and identified by Goosmann as part of those stolen from the trunk of his car in August. The fair market value of the rings was established to be between thirty-five and forty dollars apiece.

At the end of the State's evidence, the defendant moved for a judgment of nonsuit. This motion was denied. The defendant rested and renewed his motion, which was again denied.

*Attorney General Robert Morgan by Assistant Attorney General George W. Boylan for the State.*

*S. Thomas Walton for the defendant.*

CARSON, Judge.

The defendant was charged with the offense of receiving stolen goods in violation of G.S. 14-71. The elements of this offense are that the goods are stolen by someone other than the defendant, that the defendant receives the goods knowing them to have been stolen, and that he continues such possession with a dishonest purpose. *State v. Muse,* 280 N.C. 31, 185 S.E. 2d 214 (1971) ; *State v. Grant,* 17 N.C. App. 15, 193 S.E. 2d 308 (1972). Considering all the evidence in the light most favorable to the State, the defendant could be shown to have possessed the stolen rings on 26 November 1972, knowing that the rings were stolen, and possessing them for a dishonest purpose. There is, however, no evidence tending to show that someone other than the defendant stole the rings or that the defendant received the rings from another. The burden of proof of these elements is the same as the elements of any other offense.

While the General Assembly might provide that the possession or offering for sale of goods, known to have been stolen, be declared a crime, it has not done so. G.S. 14-71 applies only to receiving the stolen goods. Absent any evidence of receiving,

which presupposes the theft by another, we hold that the judgment of nonsuit should have been granted. Whether the possession of the stolen items under the circumstances outlined would be sufficient to sustain a larceny charge is not before us. We do note, however, that receiving is not a lesser included offense of larceny; and jeopardy has not attached as to a proper larceny indictment. *State v. Neill,* 244 N.C. 252, 93 S.E. 2d 155 (1956); *State v. Brady,* 237 N.C. 675, 75 S.E. 2d 791 (1953); *State v. Cassada,* 6 N.C. App. 629, 170 S.E. 2d 575 (1969).

The judgment is reversed.

Judge BRITT and Judge HEDRICK concur.