STATE OF NORTH CAROLINA v. JAMES HAYWOOD

No. 7818SC673

(Filed 6 February 1979)

1. **Receiving Stolen Goods § 5.1— goods stolen by someone else—sufficiency of evidence**

   The evidence was sufficient for the jury in a prosecution for feloniously receiving stolen goods where the State's evidence tended to show that a suit priced at $215.00 was stolen from a Durham clothing store, that defendant later sold the suit and two others for $80.00 to the police during an undercover operation, and that the suit had a price tag on it for $215.00, and defendant testified that for three years he had been in the business of buying suits on sale at various stores and reselling them, since the jury could find from defendant's evidence that he bought the suit in question from someone else at a lower price than he sold it and that the suit was stolen by someone other than defendant.

2. **Receiving Stolen Goods § 6— instructions—goods stolen by someone else—nonfelonious receiving**

   In this prosecution for feloniously receiving stolen goods, the trial court sufficiently instructed the jury that goods must have been stolen by someone other than defendant, and the court did not err in charging that "non-felonious receiving of stolen goods differs from feloniously receiving stolen goods in that the goods need not be worth more than $200.00."

   Judge MARTIN (Robert M.) dissenting.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 24 February 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 November 1978 in Winston-Salem.

Defendant was charged in a bill of indictment, proper in form, for the offense of receiving stolen goods in violation of G.S. 14-71. Defendant entered a plea of not guilty and was found guilty as charged. From a judgment sentencing him to imprisonment for a term of not less than five years nor more than seven years, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Public Defender Wallace C. Harrelson, by Assistant Public Defender D. Lamar Dowda, for defendant appellant.*

ERWIN, Judge.

[1]  At the close of all the evidence, defendant moved for judgment as in the case of nonsuit on the charge against him on the ground that the evidence was insufficient to take his case to the jury. The trial court denied the motion, and defendant assigns the ruling as error. We do not agree.

Upon motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom. When there is sufficient evidence, direct or circumstantial, by which the jury could find the defendant had committed the offense charged, then the motion should be denied. *State v. Hunter,* 290 N.C. 556, 227 S.E. 2d 535 (1976), *cert. denied,* 429 U.S. 1093, 51 L.Ed. 2d 539, 97 S.Ct. 1106 (1977); *State v. Covington,* 290 N.C. 313, 226 S.E. 2d 629 (1976); 4 Strong's N. C. Index 3d, Criminal Law, § 106, p. 547.

The State's evidence in this case tends to show from the testimony of Raymond Jones, the manager of McLeod-Watson-Van Straaten Clothing Store, that in January 1977, he discovered a Hart-Schaffner and Marx suit missing from his store in Durham. He had seen defendant in the store on various occasions. The suit was priced at $215.00. The records of the store indicate that the suit had not been sold. On 26 January 1977, defendant entered a

"t.v. repair shop" in Greensboro, which was operated by the Greensboro Police Department in an undercover operation designed to recover stolen property. Defendant was carrying a green garbage bag with three suits in it and eventually sold them for $80.00. One of the three suits was the Hart-Schaffner and Marx suit in question with a price tag on it for $215.00.

Defendant testified that for three years, he had been in the business of buying suits on sale at various stores and reselling them. Defendant could not recall how he came into possession of the suit involved in this prosecution. From this evidence, a reasonable inference arises that defendant bought the suit in question from someone else at a lower price than he sold it, from which a jury could find that the Hart-Schaffner and Marx suit was stolen by someone other than defendant.

The State was not required to show that the receipt of the goods took place in Guilford County.

We hold that the evidence presented was sufficient to take the case to the jury on the offense of receiving stolen goods and fully supports the verdict of guilty. See State v. Lash, 21 N.C. App. 365, 204 S.E. 2d 563 (1974), appeal dismissed, 285 N.C. 593, 206 S.E. 2d 865 (1974).

Defendant makes three assignments of error relating to the charge of the court. We find no merit in these assignments. Defendant first avers that the trial court erred in failing to properly instruct the jury regarding circumstantial evidence, in that said instructions fell below the requirements for such under North Carolina law. Defendant did not request any instructions. We find the charge on circumstantial evidence, when viewed in its totality, is sufficient. The jury was cautioned to scrutinize this type of evidence more closely than direct evidence, and the burden of proof was "beyond a reasonable doubt."

[2]   Defendant contends that the trial court erred in its final mandate to the jury on the offense of felonious receiving. We do not agree. The record reveals that the court charged that the State must prove five things beyond a reasonable doubt:

"First, that this gray suit, the Hart-Schaffner & Marx suit, was stolen by someone other than the defendant.

Second, that the defendant received or concealed this suit of clothes.

Third, that the defendant at the time that he received or concealed that suit of clothes knew or had reasonable ground to believe that it was stolen.

Fourth, that the defendant received or concealed that property with a dishonest purpose; that is, that he intended to permanently deprive the original owners of that suit of clothes and appropriated it entirely to his own use and benefit.

Fifth, that the suit of clothes was worth more than $200.00."

In the final mandate, the court charged:

"Now, members of the jury, the Court, therefore, charges you that if you find from the evidence beyond a reasonable doubt that on or about this 26th day of January, 1977, that this defendant, James Haywood, with a dishonest purpose received this gray suit of clothes and that it was worth more than $200.00 and that he knew or had reasonable grounds to believe *that someone else had stolen it* and that if you are satisfied of this beyond a reasonable doubt, then it would be your duty to return a verdict of guilty of feloniously receiving stolen goods." (Emphasis added.)

To us, the charge appears to be clear and adequate.

We find no error in the court's charge to the jury on the lesser included offense of non-felonious receiving. The value of the stolen goods in this case is only material on the charge of felonious receiving. The court properly charged that the jury must find beyond a reasonable doubt that the suit of clothes was worth more than $200.00. The court charged further:

"[I]t would be your duty then to determine whether or not this defendant would be guilty of non-felonious receiving of stolen goods.

Now, members of the jury, non-felonious receiving of stolen goods differs from feloniously receiving stolen goods in that the goods need not be worth more than $200.00."

The record discloses no prejudicial error.

No error.

Judge PARKER concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

Defendant was indicted under G.S. 14-71 for receiving stolen goods (specifically, a man's suit, valued in excess of $200) and was convicted of that offense. State's evidence tended to show that the defendant possessed stolen property, and may have been sufficient to be submitted on a charge of larceny, but the record before us is devoid of any evidence pertinent to the defendant's having received the goods or their having been stolen by someone other than the defendant. Therefore, judgment of nonsuit should have been entered at the close of the State's evidence, *State v. Burnette*, 22 N.C. App. 29, 205 S.E. 2d 357 (1974); *State v. Emanuel*, 267 N.C. 663, 148 S.E. 2d 588 (1966). Accordingly, I would vote to vacate the conviction appealed from and to reverse the judgment entered below.