State v. Prince

STATE OF NORTH CAROLINA v. BOBBY WADE PRINCE

No. 7810SC713

(Filed 6 February 1979)

**Receiving Stolen Goods § 5.2— failure to show goods stolen by another**
> The trial court erred in failing to grant defendant's motion for nonsuit on
> a charge of feloniously receiving stolen goods where there was no evidence
> that the goods were stolen by someone other than the defendant and all the
> evidence, including defendant's possession of the goods soon after they were
> stolen, tended to show that defendant was the thief.

APPEAL by defendant from *Preston, Judge.* Judgment entered 17 May 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 15 November 1978.

Defendant was indicted for felonious breaking and entering with intent to commit larceny, felonious larceny and feloniously receiving stolen goods. The evidence at trial tends to show that sometime between 24 March 1978 and 30 March 1978, Swift Creek Elementary School was broken into and various items such as projectors, school keys and a television set were taken. On 25 March 1978, the defendant sold two of the stolen projectors and other property to Jim Underwood. On 31 March 1978, Underwood gave this property to the police. Some of the items were marked with the name, "Swift Creek." After he was arrested, the defendant told the police that the rest of the property was in a field owned by his father located about six tenths of a mile from the home of defendant's father. There was evidence that defendant lived at his father's home. The police recovered the property, including the school keys, from that field.

Defendant was acquitted of all the charges except that of feloniously receiving stolen goods. From his conviction on that charge, he appealed.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*Purrington, Hatch & McNamara, by Edwin B. Hatch, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the trial court erred in failing to grant his motion for nonsuit on the charge of feloniously receiving stolen goods.

The elements of the crime of receiving stolen goods are " '(a) The stealing of the goods by some other than the accused; (b) that the accused, knowing them to be stolen, received or aided in concealing the goods; and (c) continued such possession or concealment with a dishonest purpose.' " *State v. Muse*, 280 N.C. 31, 39, 185 S.E. 2d 214, 220 (1971), *cert. den.*, 406 U.S. 974 (1972) (quoting *State v. Neill*, 244 N.C. 252, 255, 93 S.E. 2d 155, 157 (1956) ).

The motion for nonsuit should have been allowed. All the evidence, including defendant's possession of the goods soon after they were stolen, tends to show that the defendant, and no one other than the defendant, was the thief. The crimes of larceny and receiving stolen goods, knowing them to have been stolen, however, are separate offenses and not degrees of the same offense. *State v. Brady*, 237 N.C. 675, 75 S.E. 2d 791 (1953). It is elementary that a person cannot be guilty both of stealing property and receiving the same property knowing it to have been stolen by someone else. *In re Powell*, 241 N.C. 288, 84 S.E. 2d 906 (1954).

In summary, since there is no evidence that the goods were stolen by someone other than the defendant and all the evidence tends to show that defendant was the thief, there is no evidence to support the verdict. *State v. Neill, supra; State v. Burnette*, 22 N.C. App. 29, 205 S.E. 2d 357 (1974).

The judgment must be reversed.

Reversed.

Judges HEDRICK and ARNOLD concur.