LIZZIE MASON WHITE v. B. V. DISHER, C. C. DISHER AND A. H. DISHER, D/B/A COMMERCIAL MOTORS OF WINSTON-SALEM, AND COMMERCIAL FINANCE COMPANY.

(Filed 9 June, 1950.)

**1. Trial § 22a—**

The evidence must be considered in the light most favorable to plaintiff on motion to nonsuit.

**2. Usury § 1—**

The maximum legal rate of interest in this State is 6% per annum, G.S. 24-1.

**3. Usury § 9e—**

Evidence in this case *is held* sufficient to be submitted to the jury on the question of whether defendant finance company loaned plaintiff a cer-

tain sum secured by chattel mortgage on an automobile and knowingly charged and received interest on said sum in excess of the legal rate, and its motion to nonsuit in plaintiff's action to recover double the amount of interest paid, G.S. 24-2, was properly denied.

### 4. Principal and Agent § 7d—

Plaintiff introduced in evidence account books and receipts for payments on a loan from the corporate defendant which she testified was negotiated by the individual defendant as its agent. The corporate defendant admitted it was in the business of lending money and that the individual defendant is its employee. *Held:* The evidence is sufficient to show authority of the individual defendant to make loans for the finance company and to make statements for it in the scope of his employment by ratification at least.

### 5. Appeal and Error § 39g—

Where, in a suit to recover double the amount of usurious interest paid, the jury answers the issue as to the amount plaintiff is entitled to recover in a sum less than double the amount of interest it found was paid on the loan, the verdict is not prejudicial to defendant and it may not complain thereof.

### 6. Appeal and Error § 39e—

The admission of evidence over objection cannot be held prejudicial when the same evidence is thereafter admitted without objection.

APPEAL by defendant Commercial Finance Company from *Clement, J.,* at January Term, 1950, of FORSYTH.

Civil action to recover for penalty for usurious interest. G.S. 24-2.

The record shows that it is admitted in the pleadings that plaintiff is a resident of Forsyth County, North Carolina; that defendant Commercial Finance Company is a corporation organized and existing under the laws of North Carolina, with its principal office in Forsyth County, and defendant C. C. Disher is its president; that the Commercial Finance Company is engaged in the business of lending money, and that B. V. Disher, C. C. Disher and A. H. Disher are employees of said company; that B. V. Disher, C. C. Disher and A. H. Disher are residents of Forsyth County, and are engaged in the business of selling automobiles under the trade name of Commercial Motors of Winston-Salem, and that said defendants have their place of business in the same building and in the same office as the Commercial Finance Company; and that on 16 August, 1947, B. V. Disher, C. C. Disher and A. H. Disher, doing business as Commercial Motors of Winston-Salem, owned and had title to a 1942 Cadillac 4-door sedan of given motor and serial numbers.

Plaintiff further alleged in her complaint, filed in the action, in pertinent part, substantially these facts: That on or about 16 August, 1947,

plaintiff purchased a 1942 Cadillac, fordor sedan, as aforesaid, from defendants at the place of business of Commercial Motors and Commercial Finance Company; that the purchase price for said Cadillac as fixed by the defendants was $2,500, to be paid by plaintiff transferring and conveying title to her 1941 Oldsmobile to defendants for $1,000, and the balance of $1,500 "to be financed by defendants and paid by plaintiff within 15 months from date of purchase, in equal monthly installments, with interest thereon"; that on or about said date, immediately after the terms and conditions of the sale were agreed upon, and in the same place of business, and at the request of defendants A. H. Disher and B. V. Disher, plaintiff signed an application for a loan for $1,500 for fifteen months duration, on the loan application form of Commercial Finance Company; and also at the request of said defendants, plaintiff signed another printed form which was not filled in as to amounts, after defendants assured her that the $1,500 balance of purchase price, together with the interest thereon, would be properly inserted therein by defendants, and an installment account book for the loan would be sent to her as soon as it could be properly prepared by defendants; that thereafter on or about 1 September, 1947, plaintiff received an account booklet from defendants, in which it was stated that the amount of $1,973.25 was owed by plaintiff to defendants; that immediately thereafter, upon inquiry by her, defendants again assured plaintiff that the balance of purchase price charged for the Cadillac was $1500, and told her that $473.25 were defendants' charges for the loan and use of, and forbearance on, the said $1500 for the period of fifteen months; and that thereafter on 16 September, 1947, plaintiff paid defendants $131.55 on said loan and account, and a like amount each month thereafter except February and December 1948, to and including January 1949; and defendants have charged and received from plaintiff a total amount of $1977.53 for the said loan of $1500 for a period of sixteen months; that defendants C. C. Disher, B. V. Disher and A. H. Disher, doing business as Commercial Motors and the Commercial Finance Company, through its agents and employees, the individual defendants aforesaid, did intentionally, knowingly and unlawfully charge, take and receive from plaintiff the sum of $477.53 as interest on a loan of $1500 for a period of 16 months,—they well knowing and intending that said interest charge on said loan of $1500 was far in excess of the legal rate allowed by law, G.S. 24-1; and that by reason thereof defendants and each of them have forfeited all right to any interest on the loan, and have become jointly and severally indebted to plaintiff in an amount double the total interest charged and collected, to wit, $955.06. And upon these allegations plaintiff prays judgment against defendants, jointly and severally.

Defendants, B. V. Disher, C. C. Disher and A. H. Disher, answering, denied in material aspects the allegations of the complaint, and for further defense aver that the price of the Cadillac purchased by plaintiff was $2973.25, on which a credit of $1000 was allowed for plaintiff's Oldsmobile, leaving a balance of $1973.25, payable in fifteen monthly installments of $131.55 each.

And defendant Commercial Finance Company, in its answer, denied in material aspects the allegations of the complaint, and for further defense avers that it is a holder in due course of a note executed by plaintiff to Commercial Motors in principal amount of $1973.25, secured by a purchase money chattel mortgage given by plaintiff at the time the Cadillac automobile was purchased; and that no part of the payments made by plaintiff to it constituted interest on any loan for no loan had been granted to plaintiff.

Upon the trial in Superior Court, plaintiff offered evidence tending to support the allegations of her complaint. Robert White, husband of plaintiff, testified in pertinent part: "I know A. H. 'Mike' Disher, one of the defendants. I talked with him in August of 1947 concerning the purchase of a 1942 Cadillac. He brought the car by my home on Saturday, the 16th . . . I asked him what he wanted for this one. He said $2500. I says, 'I ain't got that kind of money.' He says, 'Well, we will finance the rest. We will make a loan or finance . . . make a loan for the rest of the money.' He would take care of the rest of it for me. The rest was $1500 . . . He was going to allow me $1000 for my Oldsmobile . . . After we talked . . . I . . . talked to my wife and we agreed to purchase the car. I told her to go and sign the papers . . . My wife later came back with . . . the same Cadillac that Mike Disher showed me . . ."

Plaintiff, as a witness in her own behalf, testified in pertinent part: ". . . I know the defendants C. C. Disher and A. H. Disher. I also know the defendant B. V. Disher . . . I purchased a Cadillac from one of these defendants in August 1947 . . . My dealings . . . were with B. V. Disher. On August 16th I went to B. V. Disher's office. I gave him the title to our 1941 Oldsmobile automobile. The title was in my name . . . He said to me that 'I am lending Robert $1500 of a loan on a Cadillac car,' said 'The Cadillac cost $2500 and I am allowing him $1000 for his Oldsmobile' . . . He said the payments on the car was . . . on the loan was $1500, and the payments was $131.55 a month. I said, 'Oh, no . . . that is too much a month.' So he says, 'I'm giving you 15 months to pay' . . . I called Robert, and I told him the payments was $131.55 a month, and Robert told me he thought we could make it, and I told him, and he put that on this paper, and after I told him that, he handed me the paper and says 'Sign here, Lizzie.' I signed this paper

. . . where he asked me, and . . . he asked me to sign my name on this blank paper . . . and after I signed . . . he handed it to me to read. When I looked . . . I saw on this paper . . . the questions and answers where I had answered and on this paper it said $2500 for a Cadillac sedan . . . No paper that I signed had anything typed on it. When I went to make the first payment on September 16th I gave B. V. Disher $131.55 in the window. He gave me a receipt and this book . . . I . . . looked at this book and saw the balance was $1841.70, after having paid $131.55." "Q. That is, the balance after you had paid $131.55?" A. "Yes, sir, and I said that 'You told me the loan was $1,500 . . . It is not supposed to be $1841.70.' He told me that was for the use of their money for 15 months." (Objection) . . . Later on and without objection, plaintiff continued: "I noticed the balance at the top of the booklet . . . It was $1973.25. I asked him what that was for. He told me that was for using their money for 15 months. He again told me at that time that the balance of the purchase price for the automobile was $1500. This is the booklet that they gave me down there when I made my first payment on the loan."

Plaintiff here introduced as plaintiff's Exhibit 1 this booklet entitled "Commercial Finance Company, Account No. 2136—Lizzie Mason White."

Then plaintiff continued with her testimony, in part, as follows: ". . . I paid them $1891.70 in all. I went back to Commercial Finance Company's office in January 1949. I told the same Mr. Disher that I had come to make the last payment on the car, but the car was in the shop for repairs and asked him would he hold the last payment a little longer until I got the car out of the shop. He said he would . . . and I asked him to lend me $100 to get the car out of the shop, and he said he would. He told me to come back on Monday . . . When I went back I talked with Mike, and Mike wrote a check of $100 and gave it to me . . . When I went back to make the last payment, I carried the old book that shows $1973.25 at the top, which at that time had a balance at the bottom of $135.83. I gave this book and $60 to the cashier, who told me that would not be credited to the old book but that she would make a new book . . . She gave me this book and a receipt."

Plaintiff here introduced in evidence as plaintiff's Exhibit 2 the booklet entitled "Commercial Finance Company, Account No. 3655, Lizzie Mason White," which showed a payment of $60 on 9 February.

Plaintiff further testified: "The cashier told me the $60 would not be paid on the old note because the balance of $135.83 had been transferred along with the $100."

Plaintiff's Exhibit 1 bears these notations: "The amount to be financed $1973.25—Payment Schedule No. of months: 15 Months. Amt. Monthly: 131.55. First pay. due Sept. 16-47." Then there follows list of payments under headings "Date of payment - - Amount - - Balance due - - Rec. By - - ." The first item under these headings respectively is "9-16— 131.55 - - 1841.70 - - B.V.D."

There are twelve others for 131.55,—six of which under heading "Rec. By" these letters "BVD." And the last item bears these notations: "11-22 - - 127.27 - - 135.83 - - S. B."

Plaintiff also introduced in evidence a number of receipts from Commercial Finance Company totalling $1897.42, sample of which is the one relating to payment under "Date Sept. 16-47" on "Account No. 2136" "131.55," bearing as caption the word "Receipt," under which on successive lines are the words "Commercial Finance Co." "Winston-Salem, N. C."

At the close of plaintiff's evidence, the defendants and each of them moved for judgment as of nonsuit. The motion was allowed as to B. V. Disher, C. C. Disher and A. H. Disher, d/b/a Commercial Motors of Winston-Salem, N. C., but was denied as to defendant Commercial Finance Company,—to which it excepted.

Thereupon Commercial Finance Company, having offered no evidence, rested its case and renewed its motion for judgment as of nonsuit. The motion was denied, and it excepted.

The case was submitted to the jury on these issues, which the jury answered as shown:

"1. Was a loan of $1,500.00 made to the plaintiff by the defendant Commercial Finance Company, as alleged in the complaint?

"Answer: Yes.

"2. If so, did the defendant knowingly take and receive from the plaintiff on said loan a greater rate of interest than 6 per cent per annum?

"Answer: Yes.

"3. If so, what amount of interest was paid by the plaintiff on said loan?

"Answer: $391.70.

"4. What sum, if any, is the plaintiff entitled to recover of the defendant?

"Answer: $473.25."

And from judgment on the verdict defendant Commercial Finance Company appeals to Supreme Court, and assigns error.

*William S. Mitchell for plaintiff, appellee.*
*Eugene H. Phillips for defendant, appellant.*

WINBORNE, J.　Is there error in the ruling of the court in denying the motion of the appealing defendant, Commercial Finance Company, for judgment as of nonsuit at the close of all the evidence? This is the main question presented on the appeal, and the evidence shown in the record, in the light of applicable principles of law, directs a negative answer. The evidence of plaintiff stands unchallenged, save and except by pleading of defendant. And taking the evidence in the light most favorable to plaintiff, as must be done in considering a motion for judgment as of nonsuit, it appears that it is sufficient to take the case to the jury, and to support the verdict rendered by the jury.

In this State it is provided by statute, G.S. 24-1, that "the legal rate of interest shall be six per cent per annum for such time as interest may accrue and no more."

And it is further provided in G.S. 24-2 that "the taking, receiving, reserving or charging a greater rate of interest than six per cent per annum, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the person or his legal representative or corporation by whom it has been paid, may recover back twice the amount of interest paid in an action in the nature of an action for debt . . ."

Applying these statutes to the present case, the evidence of plaintiff is susceptible of a finding by the jury that the transaction, in so far as the Commercial Finance Company is concerned, was a $1500 loan made by it to plaintiff. The jury has found that it was a loan. And the evidence is sufficient to support a finding by the jury that defendant Commercial Finance Company knowingly took and received from plaintiff on the loan a greater rate of interest than six per cent per annum. And the jury has so found. Moreover, the evidence is sufficient to support the finding by the jury as to the "amount of interest paid by plaintiff on said loan."

It is contended, however, that there is no evidence that B. V. Disher had authority (1) to make loans for the defendant Commercial Finance Company, or (2) to make statements for the company in the scope of his employment.

In this connection, defendant, Commercial Finance Company, admits that it is engaged in the business of lending money and that B. V. Disher is its employee. Taking this in connection with the documentary evidence, the two account books and the receipts for payments made by plaintiff to this defendant, the whole is sufficient to show at least ratification of the acts of B. V. Disher in the transaction here involved.

*McNeely v. Walters,* 211 N.C. 112, 189 S.E. 114; *Jones v. Bank,* 214 N.C. 794, 1 S.E. 2d 135.

Furthermore, the fact that the jury, in answering the issue as to what amount, if any, is plaintiff entitled to recover of the defendant, fixed the amount at less than twice the amount of interest found to have been paid by plaintiff on the loan, is not prejudicial to defendant, and in respect to it, defendant has no cause for complaint.

There are other exceptions, to only one of which is it deemed necessary to give express consideration.

It is contended that the court erred in permitting plaintiff to testify that he said that the sum here in controversy "was for the use of their money for 15 months." As to this contention, if it be conceded that evidence of his authority be lacking at the time, it is seen that plaintiff later testified without objection to the same statement of B. V. Disher. Hence the benefit of the prior objection is lost.

"It is thoroughly established in this State that if incompetent evidence be admitted over objection, but the same evidence has theretofore or thereafter been given in other parts of the examination without objection, the benefit of the exception is ordinarily lost," *Brogden, J.,* in *Shelton v. R. R.,* 193 N.C. 670, 135 S.E. 772, citing cases. See also more recent cases to same effect: *S. v. Hudson,* 218 N.C. 219, 10 S.E. 2d 730; *S. v. Oxendine,* 224 N.C. 825, 32 S.E. 2d 648; *S. v. Godwin,* 224 N.C. 846, 32 S.E. 2d 609; *S. v. Anderson,* 228 N.C. 720, 47 S.E. 2d 1; *S. v. Strickland,* 229 N.C. 201, 49 S.E. 2d 469; *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493.

All other assignments of error have been duly considered, and are found to be without merit.

Hence, in the judgment below, we find

No error.