MARY PETREE HALL, PLAINTIFF, v. BEN W. ATKINSON, JR., AND FORSYTH COUNTY, DEFENDANTS.

(Filed 1 November, 1961.)

**Appeal and Error § 41—**

    The admission of evidence over objection cannot be held prejudicial when it appears that evidence of like import had been given by the same witness on cross-examination immediately theretofore without objection.

APPEAL by plaintiff from *Crissman, J.,* Second Week of 29 May 1961 Term of FORSYTH.

Civil action to recover for personal injuries and damages to an automobile, resulting from an intersection collision in the city of Winston-Salem, North Carolina, between an automobile driven by

plaintiff and a fire truck owned by Forsyth County and driven by its employee, Ben W. Atkinson, Jr. Forsyth County had purchased a policy of automobile liability insurance covering the operation of the fire truck.

The jury found by its verdict that plaintiff was injured by the negligence of defendants as alleged in her complaint, and that she by her own negligence contributed to her injuries, as alleged in defendants' answer.

From a judgment entered on the verdict that plaintiff recover nothing, she appeals.

*Averitt, White and Crumpler By: James G. White and Leslie G. Frye for plaintiff, appellant.*

*Womble, Carlyle, Sandridge & Rice By: I. E. Carlyle and H. G. Barnhill, Jr., for defendants, appellees.*

PER CURIAM. Plaintiff assigns as error that James D. Redding, a witness for her, was permitted by the court over her objection to answer on cross-examination the question, "And there wasn't a thing in the world to prevent Mrs. Hall from seeing all the way, was there, if she had looked?", as follows: "If she was looking in that direction, there wasn't — no." This assignment of error cannot be sustained, for the reason that evidence of like import had been given by the same witness on cross-examination immediately before without objection. *Leonard v. Insurance Co.,* 212 N.C. 151, 193 S.E. 166; *McKay v. Bullard,* 219 N.C. 589, 14 S.E. 2d 657; *Edwards v. Junior Order,* 220 N.C. 41, 16 S.E. 2d 466; *White v. Disher,* 232 N.C. 260, 59 S.E. 2d 798. See also *Spears v. Randolph,* 241 N.C. 659, 86 S.E. 2d 263.

All plaintiff's other assignments of error, except formal ones, relate to the court's charge to the jury. A careful reading of the charge in its entirety, and a meticulous consideration of plaintiff's assignments of error in respect thereto, fail to show prejudicial error sufficient to justify the awarding of a new trial. Therefore, the verdict and judgment below will be upheld.

No error.