STATE v. JERRY DELFRED JARRETT.

(Filed 11 October, 1967.)

**1. Criminal Law § 169—**

Even conceding that the introduction in evidence of the photograph of defendant's accomplice was erroneous, its admission *held* cured by testimony theretofore and thereafter admitted without objectiton describing the accomplice in detail.

**2. Criminal Law § 42—**

Where the evidence discloses that defendant and his accomplice took certain bank bags filled with money from a store, the introduction in evidence of the bank bags, sufficiently identified by the witnesses, is competent, since any object which has a relevant connection with the case is admissible in evidence. The fact that the bank bags were not found in the possession of defendant is favorable to him and does not affect the admissibility of the exhibits.

**3. Same—**

Testimony of a witness that bank bags introduced in evidence looked similar to the ones which the witness had seen at the time of the commission of the offense and which were used in connection therewith, *held* competent.

**4. Criminal Law § 167—**

The burden is upon appellant not only to show error but to show error amounting to a denial of some substantial right.

APPEAL by defendant from *Clarkson, J.,* 6 March 1967 Criminal Session of MECKLENBURG.

Defendant was tried for the kidnapping of Ann Dutton and Ann Nickols Cashion under two separate bills of indictment and was tried under a third bill of indictment for armed robbery.

The State's evidence in pertinent part tends to show that Thomas C. Dutton was employed as supervisor of Park-N-Shop located at Sugar Creek Road and North Tryon Street in Charlotte. On Friday night, 29 April 1966, he and Thomas Frank Cashion, the assistant manager, placed the days receipts of about $18,000 in the safe. They

checked to see that the bank bags were in the safe and that the safe was locked before closing. Dutton and Cashion left the store about 12:30 a.m. Dutton's wife, Ann Dutton, picked him up in their 1962 Volkswagen and they drove home. As they got out of their car, a man appeared with a gun and ordered them to enter their home (a house trailer). He told Dutton and his wife that they were going back to the store. Dutton stated that Cashion had the keys to the store. A second man, later identified as defendant, came into the trailer armed with a pistol. At the direction of these two men, Dutton and his wife accompanied them to Cashion's residence in Dutton's Volkswagen, with Dutton driving and Jarrett riding in the front seat with a gun in his hand.

Jarrett kept Dutton, his wife, and Ann Cashion in the Cashion's home while Thomas Cashion was forced to drive the other man to the Park-N-Shop store in Dutton's Volkswagen. When they arrived at the store, three newspapermen were there to pick up and distribute newspapers. The armed man forced these men to assist in taking the bank bags from the safe. The bank bags were placed in the back seat of Dutton's Volkswagen.

After leaving the Park-N-Shop store, they all went back to Cashion's residence. Thomas Cashion and the three newspapermen were tied and left there. Dutton, his wife, and Ann Cashion were taken at gun point by Jarrett and the alleged accomplice to Dutton's trailer in his Volkswagen. They all went inside with the exception of Jarrett, who went to a car. Dutton was instructed to tie both women's feet and was permitted to go out to his Volkswagen to get some rags to use for this purpose. He noticed that the bank bags which had been in his car when he left the Cashion residence were no longer there. Jarrett and his accomplice left Mr. and Mrs. Dutton and Mrs. Cashion in the trailer with their hands and feet tied. Jarrett was apprehended in Fort Wayne, Indiana.

Defendant was identified at the trial by witnesses Ann Dutton, Thomas C. Dutton, Thomas Frank Cashion and Ann Nickols Cashion as one of the persons taking part in the kidnapping and armed robbery.

Dutton and his wife gave a description of the alleged accomplice. While Dutton, the State's first witness, was on the witness stand, he identified a photograph shown him as being the man he had described. This photograph was admitted in evidence over defendant's objection.

The witness Thomas F. Cashion identified several bank bags as being the bags belonging to Park-N-Shop No. 2, and being the bags which contained the checks and money alleged to have been taken by defendant and his accomplice. These bags were offered in evi-

dence over defendant's objection. Later, the witness Ann Cashion, in reply to the Solicitor's question as to whether the bags which had been admitted into evidence resembled the bags she saw on the back seat of the Volkswagen, replied, over defendant's objection, "Well, they look similar."

Defendant testified and offered additional evidence tending to show that he was not in Charlotte at the time the crime was committed.

The jury returned verdicts of guilty as to the charge in each of the three bills of indictment. From judgment entered thereon, defendant appealed.

*Attorney General Bruton and Deputy Attorney General Bullock for the State.*

*William L. Stagg for defendant.*

PER CURIAM. Defendant contends it was prejudicial error to allow a photograph of an alleged accomplice to be admitted into evidence.

Upon admission of the photograph in evidence, the court instructed the jury that it was admitted for the purpose of corroboration, if it did, and was not admitted as evidence against the defendant and the jury should not so consider it. The State offered, without objection, plenary evidence that there *was* an accomplice present. Before the photograph was offered into evidence, the witness Thomas C. Dutton, without objection, gave a detailed description of the alleged accomplice. The defendant's attorney later elicited a partial description of him from other witnesses on cross-examination.

Conceding, *arguendo,* that the photograph was immaterial and irrelevant, its admission was cured when evidence of like import was admitted before and after the admission of the photograph. *Wood v. Insurance Co.,* 245 N.C. 383, 96 S.E. 2d 28; *Hall v. Atkinson,* 255 N.C. 579, 122 S.E. 2d 200.

Defendant also assigns as error the admission into evidence of certain bank bags as exhibits.

The exhibits were sufficiently identified by the witness and offered into evidence at the proper time, *State v. Eagle,* 233 N.C. 218, 63 S.E. 2d 170, and any object which has a relevant connection with the case is admissible in evidence. *State v. Macklin,* 210 N.C. 496, 187 S.E. 785. The testimony relative to the bank bags tends to show some evidence of possession by the defendant of the fruits of the crime. However, the record does not reveal that the bags were found in the possession of defendant when apprehended. This would

seem to be favorable rather than prejudicial to defendant. On the other hand, there was ample evidence, aside from that relating to the bank bags, to support the charges of armed robbery and kidnapping.

Neither was there prejudicial error in admitting the testimony of the witness, Mrs. Cashion, that the bank bags offered in evidence looked similar to the ones she had seen on the night of the alleged crime.

In the case of *State v. Macklin, supra,* the Court said:

> "The only other exception was to the admission of the shotgun as an exhibit in the case. It was competent to show the possession of a shotgun by defendant about the time of the homicide, and it was testified that the one found in his room was like the one with which he had been seen on the night the deceased was shot. This exception cannot be sustained."

A pertinent rule of law applicable to all of defendant's exceptions is stated in *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39, as follows:

> "It is a well settled rule in North Carolina that the burden is upon the appellant to show prejudicial error amounting to a denial of some substantial right and in the absence of such showing there is no reversible error. *Kennedy v. James,* 252 N.C. 434."

Defendant having failed to show prejudicial error in the trial below, we hold there is
No error.