STATE OF NORTH CAROLINA v. RICKY A. STEPHENS

No. 7716SC748

(Filed 21 February 1978)

1. **Criminal Law § 66.17— pretrial confrontation of defendant at police station —in-court identification of independent origin**

　　In a prosecution for common law robbery, the trial court did not err in allowing the victim to make an in-court identification of defendant after the court had excluded evidence of the viewing of defendant by the victim at the police station, since the court concluded upon ample, competent evidence that the in-court identification was based entirely on the victim's recollection of defendant's appearance at the time of the robbery and that it was unaffected by the improper viewing held at the police station.

2. **Robbery § 4.2— common law robbery—sufficiency of evidence**

　　Evidence was sufficient for the jury in a prosecution for common law robbery where it tended to show that defendant accosted his victim on a public sidewalk as she carried her employer's bank bag; defendant wrested the bag from the employee's hands; the victim positively identified defendant as her assailant; and four other witnesses saw defendant on the occasion and identified defendant in court.

3. **Arrest and Bail § 6— obstructing officer in performance of duty—sentence beyond statutory maximum**

　　Two year sentence of imprisonment imposed upon defendant who was convicted of obstructing an officer in violation of G.S. 14-223 is vacated, and the case is remanded for entry of a sentence within the statutory maximum of six months.

APPEAL by defendant from *Canaday, Judge.* Judgments entered 17 December 1976 in Superior Court, ROBESON County. Heard in the Court of Appeals 17 January 1978.

The defendant was charged in a magistrate's order of obstructing a law enforcement officer while discharging duties of his office and upon a bill of indictment for common law robbery.

The State's evidence at the trial of the cases tended to show that on the morning of 17 September 1976, Joyce Kinlaw, an employee of Provident Finance Company, went to Southern National Bank and obtained Provident's night depository bag. While walking back, she saw the defendant approaching her at a distance of about 15 feet. Defendant made "two or three quick steps" toward her and grabbed for the depository bag. She tussled with the defendant face-to-face for a "minute or two." The

defendant eventually got the bag and its contents away from her and ran down the street. The defendant was wearing green clothes and a gray toboggan.

Four other witnesses saw the defendant on the occasion. J. P. Taylor testified that he saw the defendant take the bag from the woman on the street, and the defendant ran toward him for the "whole half a block," coming within one foot of the witness through the cement he had just poured. Ertle Rice testified that he saw the defendant running south on Chestnut Street after the robbery and that the defendant came within 20 feet of him. Judy Britt testified that she saw the defendant take the bag from Joyce Kinlaw, observing the defendant from a distance of six feet. Clarence Britt testified that he saw the defendant running toward him after the witness went outside his store upon hearing a woman scream. All four of the witnesses identified the defendant in court.

Captain Covington of the City of Lumberton Police Force testified that he found a green jacket or shirt on Walnut Street, and at the back of a building off Walnut Street, he found a pair of green pants and a "gray looking toboggan." The witness found a half-pack of cigarettes in the pocket of the jacket and later gave them to the defendant, who asked, "Where were they?" He was told they came out of the jacket pocket. The defendant responded, "I better take them—I will need them."

Mrs. Kinlaw was taken to the Lumberton Police Station by Officer McVicker to look at a suspect and to see if she could identify him. Mrs. Kinlaw looked at the defendant at the police station and could and did identify the defendant as being the person who had accosted her earlier on the sidewalk. Finding that neither Officer Phillips of the Lumberton Police Department nor any other officer advised the defendant of his right to have counsel present at such lineup or viewing, the presiding judge excluded the evidence of the viewing of the defendant by Mrs. Kinlaw. The court also concluded that the motion to suppress evidence of Mrs. Kinlaw's in-court identification of the defendant should be denied because the in-court identification was based entirely upon Mrs. Kinlaw's recollection of the defendant's appearance at the time he accosted her on Chestnut Street, unaffected by the viewing held at the Lumberton Police Station.

Regarding the charge of obstructing a law enforcement officer, Officers Bullock and McVicker testified as to the defendant's attempt to leave the police station. Both testified that they attempted to prevent the defendant from leaving, in the course of which the defendant pushed Officer Bullock and struck Officer McVicker in the face with his fist, causing considerable bleeding and necessitating surgery on his nose.

The defendant testified and denied any connection with the robbery, stating that he was in another area of Lumberton when the events occurred. After he was arrested, he was pushed by the officer and grabbed around the neck and choked, and one of the officers swung a leather blackjack at the defendant. After that, defendant hit McVicker.

The defendant was found guilty on both charges and was sentenced on the charge of obstructing an officer in Case No. 76CR13651 for a term of two years in the custody of the Director of Prisons, and on the charge of common law robbery in Case No. 76CR13576 for a term of ten years in the custody of the Director of Prisons. The defendant appealed.

*Attorney General Edmisten, by Associate Attorney Lucien Capone III, for the State.*

*Martha K. Walston, for the defendant appellant.*

ERWIN, Judge.

[1] The defendant contends that although the motion to suppress evidence of the viewing was properly allowed, the court erred in allowing the in-court identification for the reason that the in-court identification was so tainted by the unlawful viewing that the two cannot be separated. We do not agree.

An in-court identification of an accused by a witness who took part in such an improperly conducted pre-trial confrontation must be excluded unless it is first determined by the trial judge on voir dire that the in-court identification is of independent origin and thus not tainted by the illegal pre-trial identification. *United States v. Wade,* 388 U.S. 218, 18 L.Ed. 2d 1149, 87 S.Ct. 1926 (1967); *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974), *modified on other grounds,* 428 U.S. 902, 49 L.Ed. 2d 1205, 96 S.Ct. 3202 (1976). The trial court found from the voir dire ex-

amination ". . . that the motion to suppress evidence of Mrs. Kinlaw's in-court identification of the defendant should be denied for that such in-court identification is based entirely upon Mrs. Kinlaw's recollection of the defendant's appearance at the time he accosted her on the sidewalk of Chestnut Street, unaffected by the viewing held at the Lumberton Police Station."

The findings and conclusions of the trial court are indeed supported by competent evidence. The witness had an excellent opportunity to observe her assailant; on voir dire she testified that it was daylight and "a pretty sunshiny day," and that she saw the defendant "face to face." On cross-examination, Mrs. Kinlaw testified, "I'll never forget his face nor his eyes." Where the findings and conclusions of the trial court on voir dire are supported by competent evidence, as here, they are conclusive on appeal and must be upheld. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974); *State v. Morris*, 279 N.C. 477, 183 S.E. 2d 634 (1971).

[2] From the evidence presented at the trial of this case, the trial judge correctly overruled the defendant's motion for judgment as of nonsuit on the charge of common law robbery. Upon motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom. Where there is sufficient evidence, direct or circumstantial, by which the jury could find that the defendant had committed the offense charged, then the motion should be denied. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); 4 Strong's N.C. Index 3d, Criminal Law § 106 at 547. We hold that the evidence in this case was sufficient to submit the charge of common law robbery to the jury and sufficient for a conviction of such charge.

The defendant's assignment of error as to the admission into evidence of certain state exhibits and related testimony is without merit. The defendant contends that there was not enough connection between him and the articles of clothing and other items introduced in evidence by the State because they were not found at the scene of the crime or in the defendant's possession. This exception is overruled. *See State v. Jarrett*, 271 N.C. 576, 157 S.E. 2d 4 (1967), and *State v. Eagle*, 233 N.C. 218, 63 S.E. 2d 170 (1951).

The defendant assigns six exceptions to comments made by the district attorney during the course of the trial. The defendant

State v. Stephens

contends that the comments and questions contributed to the denial of the defendant's right to a fair and impartial trial. With one exception, the conduct complained of occurred on cross-examination of the defendant. We hold this assignment to be without merit. When a defendant in a criminal case elects to take the stand and testify, he is subject to impeachment on cross-examination. *See State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971), and *State v. Sheffield*, 251 N.C. 309, 111 S.E. 2d 195 (1959).

We hold that the questions or comments made by the Court before the jury were clearly designed to clarify and promote understanding of the trial and to keep the proceedings running smoothly, and did not constitute an expression of opinion. *See State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975), *cert. denied*, --- U.S. ---, 53 L.Ed. 2d 1091, 97 S.Ct. 2971 (1977), and *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968), *cert. denied*, 393 U.S. 1087, 21 L.Ed. 2d 780, 89 S.Ct. 876 (1969).

We have considered all assignments of error made by the defendant and find them to be without merit. In the trial below of both cases, the defendant has failed to show prejudicial error.

No error.

[3] In Case No. 76CR13651, the defendant was found guilty of obstructing an officer in violation of G.S. 14-223 which provides for a maximum punishment of six months' imprisonment. The two-year sentence is vacated, and this case is remanded for the entry of a proper sentence.

Judges PARKER and VAUGHN concur.