STATE OF NORTH CAROLINA v. JESSIE VIRGIL PATTON

No. 7928SC913

(Filed 18 March 1980)

1. Criminal Law § 66.1— identification of defendant—opportunity for observation

The trial court did not err in allowing an in-court identification of defendant by a rape victim where the evidence tended to show that the witness had ample opportunity to observe her assailant at the time of the offense; there

was sufficient light to permit the witness to make an identification of the person she observed; and there was nothing in a pretrial photographic identification suggestive or conducive to mistaken identification.

**2. Criminal Law § 43.1— photographs—deletion of identification numbers**

The trial court did not err in allowing the State to introduce photographs into evidence which had been altered since the voir dire hearing to delete identification numbers which had appeared on them.

**3. Criminal Law § 43— photographs reconstructing crime—admissibility for illustration**

Defendant in a rape prosecution was not prejudiced where the trial court allowed into evidence a photographic reconstruction of the alleged crime, since the pictures were admitted for the limited purpose of illustrating a witness's testimony.

**4. Rape § 6.1— second degree rape—instruction on lesser offense not required**

Where the prosecutrix testified that defendant raped her and that his private parts entered her private parts, the trial court properly submitted an issue of second degree rape to the jury and did not err in failing to instruct on the lesser included offense of assault with intent to commit rape.

**5. Criminal Law § 102.1— matters outside record—jury argument properly limited**

There was no merit to defendant's contention that his attorney had a right to argue that results of tests on defendant's hair, blood and other body samples would have been presented to the jury if they had been positive, since neither the court order nor the results argued by counsel were introduced into evidence and they were therefore not proper subjects of argument.

APPEAL by defendant from *Howell, Judge.* Judgment entered 6 June 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 27 February 1980.

Defendant was charged in a bill of indictment, proper in form, with the offense of first degree rape. The case was submitted to the jury on a charge of second degree rape, and defendant was found guilty of the charge submitted. From an active sentence of imprisonment of no less than 30 years and no more than 30 years, defendant appealed.

Prior to trial, defendant moved to suppress any in-court identification of prosecutrix of the defendant as the perpetrator of the offense charged on the grounds of defendant's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

The State's evidence on *voir dire* tended to show that at 4:00 a.m., Mabel Ramsey was on duty at a rest home in Asheville making her rounds. She entered the lounge which was completely dark. There were no lights on overhead in the hallway. Two large fluorescent lights were in each nurse's station, and night lights were located in the baseboard in the hallways. As she started to sit in a recliner in the lounge, she looked up. Defendant was standing very close to her and was right in her face. He was "standing partly inside the lounge angle ways from the hall." She looked in his eyes and right in his face for five or ten seconds. Light was coming from the nurses' station which was three rooms away, and the walls were white. Light was shining on defendant's face. She testified that she was certain the man she saw was defendant, and she based her identification on what she saw that night. Defendant pointed something at her and told her to get on the couch, which she did. Defendant had intercourse with her.

Later that morning and the next day, she viewed photographs of men other than defendant which looked like the man or which she thought might be the man who raped her. She picked out defendant's photograph and said he was the man who raped her. Two or three days later, without pictures or any statement from anyone, she identified defendant in a lineup at the courthouse. The trial court made findings of fact and denied defendant's motion to suppress.

*Attorney General Edmisten, by Associate Attorney Thomas G. Meacham, Jr., for the State.*

*Public Defender Peter L. Roda, Twenty-eighth Judicial District, by Assistant Public Defender Lawrence C. Stoker, for defendant appellant.*

ERWIN, Judge.

On appeal, defendant presents six assignments of error. We do not find error.

[1] Defendant contends: "The court committed error in allowing the in-court identification of the defendant by the State's witness Mabel Ramsey."

Based upon competent evidence, the trial court found that the witness had ample opportunity to observe the person (defend-

ant) at or about 4:00 a.m. on 19 December 1978 and that there was sufficient light to permit the witness to make an identification or the person (defendant) she observed. The trial court also found that there is nothing in the photographic identification procedures suggestive or conducive to mistaken identification and that the in-court identification is of independent origin based solely on what the witness saw at the time and does not result from any out-of-court confrontation. The evidence presented supports the findings of fact and conclusions drawn therefrom and are conclusive and binding upon appeal. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974); *State v. Morris*, 279 N.C. 477, 183 S.E. 2d 634 (1971); *State v. Stephens*, 35 N.C. App. 335, 241 S.E. 2d 382 (1978). This assignment of error is without merit.

[2]  Defendant next contends that the trial court erred by allowing the State to introduce photographs into evidence which had been altered since the *voir dire* hearing. The trial court found,

"1. That most of the photographs contain an identification number on the chest or lower portion of each subject's body.

2. That the prosecuting witness did not use such identification numbers to identify either the Defendant or the Exhibit itself.

3. That the Defendant does not contend that the photographs were not a true likeness of the Defendant."

and concluded the following:

"BASED UPON THE FOREGOING FINDINGS OF FACT the Court concludes as a matter of law that the numbers on the photographs have been obliterated for the reason that they contain identification numbers, including a photograph of a change [sic] board or something of this nature around the persons depicted in the photographs body, and that the obliteration of these identification numbers could in no way prejudice the Defendant; and that the alteration of the photographs is not of sufficient character to justify their exclusion from this trial.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS the objection of the Defendant to the admissibility of the photographic albums is overruled."

We do not find a distinction in the case *sub judice* from *State v. Hatcher,* 277 N.C. 380, 177 S.E. 2d 892 (1970), wherein our Supreme Court, when faced with a similar situation, held that the photograph, with inscription and date deleted, was properly admitted for illustrative purposes on the question of identity. We find no error.

[3]    Next, defendant contends that the court committed error in allowing into evidence a photographic reconstruction of the alleged crime. The record shows that State Exhibits Nos. 6, 7, and 8 were introduced into evidence without objection. Defendant did object to the introduction of State Exhibit No. 9. This picture shows a man standing in the door facing Mrs. Ramsey with a top of a chair showing in the lounge of the rest home. The picture was admitted into evidence followed by appropriate instructions from the court that the picture was not substantive evidence and that it was to be considered for the limited purpose of illustrating the testimony. Mrs. Ramsey testified that she was present when the picture was made by Mr. Smith of the Asheville Police Department and that she was standing where she was "standing at the time I have been testifying to."

"Q. Mr. Smith I believe you said was standing at the door, is that correct?

A. In the — partly in the hallway. Just a little in the door, just like the Defendant was."

"A witness may use a photograph to illustrate his testimony and make it more intelligible to the court and jury." *State v. Lentz,* 270 N.C. 122, 125, 153 S.E. 2d 864, 867 (1967), *cert. denied,* 389 U.S. 866, 19 L.Ed. 2d 139, 88 S.Ct. 133 (1967). The record does not reveal whether or not State Exhibit No. 9 was shown to the jury after it was admitted into evidence during the course of the trial.

To warrant a new trial, defendant must show the ruling complained of was material and prejudicial to his rights, *State v. Jones,* 278 N.C. 259, 179 S.E. 2d 433 (1971), and that a different result would likely have ensued. *State v. Sanders,* 276 N.C. 598, 174 S.E. 2d 487 (1970), *reversed on other grounds,* 403 U.S. 948, 29 L.Ed. 2d 680, 91 S.Ct. 2290 (1971). Defendant has not shown prejudicial error.

[4]   We do not find any error in the charge of the court in failing to instruct the jury on the lesser included offense of assault with intent to commit rape. It is the duty of the trial court in instructing the jury to "declare and explain the law arising on the evidence." G.S. 15A-1232; *State v. Hopper*, 292 N.C. 580, 234 S.E. 2d 580 (1977). It is also well settled in this State that the trial court is not required to submit lesser included offenses to the jury unless there is evidence before the jury to support them. *State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481 (1969); 4 Strong's N.C. Index 3d, Criminal Law, § 115, pp. 610-11. The prosecutrix testified that defendant "proceeded to rape me. His private parts entered my private parts." Defendant's evidence was that he was not present at the rest home. There was not any evidence to support an instruction on the lesser offense.

[5]   A pretrial court order provided "that . . . defendant . . . subject his person to further identification procedures, namely submission of his head hair, pubic hair, blood, saliva, fingernail scrapings . . ." Defendant contends that his attorney had a right to argue that had the results of the order been positive, then the results would have been presented to the jury. The order was a part of the record in the case, although it was not introduced into evidence. This argument was not allowed.

"The general rule is that counsel may argue all the evidence to the jury, with such inferences as may be drawn therefrom; but he may not 'travel outside of the record' and inject into his argument facts of his own knowledge or other facts not inlcuded in the evidence." (Citations omitted.) *Crutcher v. Noel*, 284 N.C. 568, 572, 201 S.E. 2d 855, 857 (1974). In the instant case, neither the court order nor the results argued by counsel were introduced into evidence at trial and therefore, were not proper subjects of argument. Thus, this case is distinguishable from *State v. Williams*, 295 N.C. 655, 249 S.E. 2d 709 (1978), where the court order had been introduced into evidence. We find no error.

Defendant has not shown prejudicial error in his trial, and we find

No error.

Judges MARTIN (Robert M.) and WELLS concur.