STATE OF NORTH CAROLINA v. GEORGE LEE HAWKINS

No. 39

(Filed 4 March 1981)

**1. Criminal Law § 34.7— defendant's commission of another crime — admissibility to show motive**

In a prosecution for murder of a person whom defendant met at a county fair, testimony that defendant sneaked into the fair without paying because he had no money was competent to show that defendant's motive for killing the victim was pecuniary gain where other evidence showed that later the night of the killing defendant had $60 to $80 in his possession.

**2. Criminal Law § 34— evidence of defendant's commission of another crime — inapplicability of rule**

The rule prohibiting evidence that the accused has committed another distinct, independent or separate offense was not violated by a witness's testimony that he had been convicted of breaking and entering a warehouse and larceny of property therefrom and that defendant went to the warehouse with him on the night in question to drink wine, since there was no evidence that defendant participated in any criminal offense.

**3. Criminal Law § 114.2— instructions — no expression of opinion on evidence**

The trial court in a murder prosecution did not express an opinion on the evidence in instructing the jury on a stick as a dangerous weapon where a witness had testified that defendant told him he killed a man and that "he beat him with a stick."

**4. Criminal Law § 130— motion to set aside verdict — jurors leaving jury room during deliberations**

The trial court did not err in the denial of defendant's motion to set aside the verdict on the ground that five or six members of the jury left the jury room at various intervals during their deliberations and that the jurors remaining in the room continued to talk while others were absent where the evidence at a hearing on the motion showed that five or six jurors left the jury room at different intervals for the purpose of using a restroom but that no person was allowed to speak to a juror during the time the juror was out of the room and no juror was away from the room for more than two minutes, and where there was no evidence as to what was said by the remaining jurors while a juror was out of the jury room.

APPEAL by defendant from *Britt, J.,* 18 February 1980 Session of VANCE Superior Court.

Upon a plea of not guilty, defendant was tried on a bill of indictment charging him with the first degree murder of Owen Ira Ayscue on 6 October 1978. Evidence presented by the state is summarized in pertinent part as follows:

On the afternoon of 17 October 1978 a hunter in a wooded area of Vance County near the fairgrounds found the body of Owen Ira Ayscue. The body was in an advanced state of decomposition. A medical examiner testified that the body bore indications of extensive injuries, including lacerations about the head, a broken jaw, and several cracked ribs.

State's witness Donnell Hayes testified that he and defendant attended the Vance County Fair together on 6 October 1978; that they sneaked into the fair because they had no money; that they met a man known as "BoJo", and defendant left with the man to get some wine. Upon his return a short while later, defendant had blood on his clothes and told Hayes that he had killed the man.

Another witness for the state, Melvin Lewis, testified that defendant told him that he had killed a man at the fair and that he had beat him with a stick. Other witnesses testified that defendant was seen at the fair with decedent; that thereafter defendant had blood on his clothing; and that he had approximately $60.00 to $80.00 in one of his hands.

Defendant offered no evidence.

Other evidence relating to the assignments of error will be summarized in the opinion.

The jury returned a verdict finding defendant guilty of first-degree murder by virtue of the felony-murder rule.

The court then conducted a sentencing hearing as mandated by G.S. §15A-2000 (1978). Pursuant to written issues submitted, the jury found that the murder was committed for pecuniary gain but that the murder was not especially heinous, atrocious or cruel. They then found that the aggravating circumstance found by them was not sufficiently substantial to call for the imposition of the death penalty and that the age of defendant at the time of the murder was a mitigating circumstance. The jury unanimously recommended that defendant be sentenced to life imprisonment.

From judgment imposing a life sentence, defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General T. Buie Costen, for the state.*

*J. Henry Banks for defendant appellant.*

BRITT, Justice.

## I.

By his first assignment of error, defendant contends the trial court committed prejudicial error by allowing witnesses "to testify to misconduct of the defendant when the defendant had not testified in his own behalf". This assignment has no merit.

[1] Under this assignment defendant refers to his exceptions number 1, 2 and 3. Exception number 1 relates to the testimony of Donnell Hayes. On direct examination Hayes testified that on the night in question he and defendant were friends and that they "snuck" into the fair. The witness was then asked, "why did you sneak in the fair?" After the witness answered "George Lee didn't have no money", defense counsel objected. The objection was overruled and the witness testified again that he and defendant "snuck in the fair" because defendant did not have any money.

Exceptions 2 and 3 relate to the redirect examination of Hayes. On cross-examination he had been asked about his prior criminal record and, particularly, his conviction for breaking and entering Rose's Warehouse and larceny of property therefrom. On redirect examination, Hayes was asked who was with him on the night he went to the Rose's Warehouse. Over objection he testified that four other persons, including defendant, went with him. He further testified that the five of them went there to drink wine.

Defendant argues that by admitting the challenged testimony the trial court violated the general rule laid down in *State v. McLain*, 240 N.C. 171, 81 S.E.2d 364 (1954), "that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense". While defendant has accurately set forth the *general* rule restated in *McClain*, that decision also sets forth eight exceptions to the rule. The testimony challenged by exception number 1 comes within at least one of the exceptions to the rule. The testimony challenged by exceptions 2 and 3 does not come within the rule at all.

Admittedly, the evidence that defendant sneaked into the fair without paying tends to show that defendant committed a misdemeanor. However, it also tends to show that defendant had no money when he entered the fair. Other evidence showed that some-

time thereafter he met with decedent and that later that night he (defendant) had $60.00 or $80.00. One of the exceptions set forth in *McLain* to the general rule is:

> Where evidence tends to prove a motive on the part of the accused to commit the crime charged, it is admissible, even though it discloses the commission of another offense by the accused. (Citations.) 240 N.C. at 176, 81 S.E.2d at 367.

We hold that the testimony challenged by exception number 1 was admissible because it tended to show that defendant's motive for committing the crime of murder was pecuniary gain.

**[2]** With respect to the testimony challenged by exceptions 2 and 3, we do not think that testimony tended to show the commission of a separate criminal offense by defendant. While the evidence showed that Hayes was convicted of breaking and entering Rose's Warehouse, there was no evidence that defendant was convicted of, or even participated in, the offense. The evidence tended to show only that sometime that night defendant and three others went with Hayes to Rose's Warehouse and that the only thing they did there was drink wine. This did not show the commission of a crime or degrading conduct by defendant.

Conceding, *arguendo*, that the trial court erred in admitting any of the testimony which is the subject of defendant's first assignment of error, considering the overwhelming evidence of defendant's guilt, we perceive no prejudicial error. Defendant has the burden not only to show error but also to show that the error complained of affected the result adversely to him. *E.g., State v. Paige,* 272 N.C. 417, 158 S.E.2d 522 (1968); *State r. Jarrett,* 271 N.C. 576, 157 S.E.2d 4, *cert. denied sub. nom., Manning r. North Carolina,* 389 U.S. 865 (1967).

Defendant's assignment of error number 1 is overruled.

II.

Defendant has abandoned his second assignment of error which relates to the denial of his motion for non-suit.

III.

**[3]** By his third assignment of error defendant contends the trial

court erred "in restating factual matters in the charge to the jury." Specifically, defendant contends that the court expressed an opinion on the evidence in violation of G.S. §15A-1222 (1978). We find no merit in this assignment.

The portion of the charge challenged by this assignment was given when the court was instructing the jury as to what the state must prove beyond a reasonable doubt in order for the jury to find defendant guilty of first-degree murder. Defendant excepts to this portion of the charge:

> ... That the defendant had in his possession a dangerous weapon. That is a weapon dangerous to the life of Owen Ira Ayscue. In determining whether a stick was dangerous to the life of Owen Ira Ayscue you would consider the nature of the stick, the manner in which the defendant used it or threatened to use it and the size and strength of the defendant as compared to Owen Ira Ayscue.

Defendant argues that a stick "was never mentioned in the indictment, testimony or even by circumstantial evidence". We reject this argument. Melvin Lewis, a witness for the state, testified, among other things, that he and defendant were friends, that he spent the night of 6 October 1978 with defendant, that defendant told him that night that he killed a man at the fairgrounds, and that "he beat him with a stick". (R.p. 28)

Assignment of error number 3 is overruled.

IV.

**[4]** By his fourth assignment of error defendant contends the trial court erred in denying his motion to set the verdict aside and for a new trial. There is no merit in this assignment.

After the jury had returned their verdict of first-degree murder, but before the court conducted the sentencing phase of the trial, defendant moved to set the verdict aside on the ground of improper conduct on the part of the jury. Defendant contended then, as he does now, that five or six members of the jury left the jury room at various intervals during their deliberations and that the jurors remaining in the room continued to talk while others were absent. He argues that this conduct violated the principle stated in *State v. Bindyke*, 288 N.C. 608, 623, 220 S.E.2d 521, 531

State v. Hawkins

(1975), that

> ... [T]here can be no doubt that the jury contemplated by
> our Constitution is a body of twelve persons who reach
> their decision in the privacy and confidentiality of the
> jury room.

The trial judge conducted a hearing on defendant's motion in the absence of the jury at which time the bailiff and deputy sheriff who had waited on the jury during the course of the trial testified. Following the hearing, His Honor made findings of fact summarized in pertinent part as follows:

At all times during their deliberations on the guilt or innocence of defendant, the jury was entrusted to the care of bailiff T. E. Cook who was assisted by Deputy Sheriff R. F. Wade, Jr. Neither Mr. Cook nor Mr. Wade entered the jury room when any deliberations were taking place. The jury used the grand jury room and it did not have toilet facilities. Messrs. Cook and Wade maintained positions in a hallway near a door leading to the jury room for purpose of protecting the jury and answering reasonable requests for drinks and cigarettes.

During the jury's deliberation, no person other than the jury entered the jury room. On the morning that the verdict was returned, five or six jurors came out of the jury room at different intervals for the purpose of using a restroom. On those occasions each juror was escorted down the hallway (some 30 feet away) by either Mr. Cook or Mr. Wade. No person was allowed to speak to a juror during the time the juror was out of the room and no juror was away from the room for more than 2 minutes. The officer determined that no one else was in the restroom when a juror was using it.

The trial court found and concluded that there was no misconduct on the part of the jurors and denied the motion for mistrial. The court did not err. As to defendant's argument that while one or more of the jurors went to the restroom the jurors remaining in the jury room continued to talk, there was no evidence as to what was being said. The only evidence was that "I could just hear a mumble in there at times, you couldn't hear a word that they said, you'd just hear them talking and that's all".

Defendant has failed to show error and the presumption is in

favor of the regularity of the trial. *State v. Sanders*, 280 N.C. 67, 185 S.E.2d 137 (1971); *State v. Partlow*, 272 N.C. 60, 157 S.E.2d 688 (1967).

For the reasons stated, in defendant's trial and the judgment entered we find

No error.